S. F. MYERS CO. v. TUTTLE. TUTTLE v. S. F. MYERS CO. SAME v. S. F. MYERS SONS CO.

(Circuit Court, S. D. New York. October 5, 1910.)

1. GOOD WILL (§ 6*)—SALE—RIGHTS OF PURCHASER—RESTRAINING BREACH OF CONTRACT.

Complainant, having purchased from the M. Company's trustee in bankruptcy its good will, outstanding accounts, subscription lists, and about three-quarters of its tangible assets, was entitled to restrain the sons of M. from organizing a new corporation under practically the same name for the purpose of destroying the good will of the former corporation purchased by complainant and from so conducting their business as to destroy or impair such good will by appropriating to themselves as much as possible the customers and business of the M. Company.

[Ed. Note.—For other cases, see Good Will, Cent. Dig. §§ 3–5: Dec. Dig. § 6.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. GOOD WILL (§. 6\*)—SALE—RIGHTS OF PURCHASER—PLACE OF BUSINESS.**

It is not essential that the purchaser of the good will of a business be protected in the enjoyment thereof that he shall have continued the business in the same location where it has been previously conducted.

[Ed. Note.—For other cases, see Good Will, Cent. Dig. §§ 3-5; Dec. Dig. § 6.\*]

**3. GOOD WILL (§ 6\*)—SALE—RIGHTS OF PURCHASER—PURCHASE OF ASSETS.**

It was not essential to the protection of a purchaser of the good will of a business, having purchased in addition the outstanding accounts, subscription lists, etc., that he should have purchased all of the assets.

[Ed. Note.—For other cases, see Good Will, Cent. Dig. §§ 3-5; Dec. Dig. § 6.\*]

**4. GOOD WILL (§ 6\*)—SALE—BANKRUPT CORPORATION—RIGHTS OF PURCHASER —RESTRAINING BREACH OF CONTRACT.**

On the bankruptcy of the M. Company, a mail order jewelry concern, the good will, subscription lists, and a portion of its assets were purchased by complainant, after which the sons of M. organized the M. Sons Company and prevented complainant from obtaining a lease of the old location. *Held*, that complainant was entitled to do business under the name of the M. Company, and that the M. Sons Company should be restrained from using the old company's subscription lists, from soliciting business from the old customers, from simulating the letter heads, bill heads, and papers of the former corporation, and from operating in the name of the M. Sons Company if they continued to do business in the old location.

[Ed. Note.—For other cases, see Good Will, Cent. Dig. §§ 3-5; Dec. Dig. § 6.\*]

In Equity. Suits by the S. F. Myers Company, complainant, against Arthur W. Tuttle, defendant, and by Arthur W. Tuttle, cross-complainant, against the S. F. Myers Company, cross-defendant, and S. F. Myers Sons Company, defendant. Decree for Arthur W. Tuttle, defendant and cross-complainant.

Samuel J. Siegel, for complainant S. F. Myers Co. and defendant S. F. Myers Sons Co.

Martin Chas. Ansorge and E. C. Ferguson, for Tuttle.

HOLT, District Judge. The good will of the S. F. Myers Company was an asset of that company in bankruptcy. It was sold by the trustee by order of the court. Mr. Tuttle was the purchaser, and that property in his hands is entitled to the same protection as any other property. The sons of S. F. Myers, who were officers of the S. F. Myers Company, have a right to do any lawful business, and for that purpose to organize a corporation which shall engage in the same kind of business that the S. F. Myers Company engaged in; but they have no right to organize a corporation for the purpose of destroying the good will of the S. F. Myers Company, purchased by Mr. Tuttle, or to conduct their business in such a way that it destroys or impairs the value of such good will. The evidence satisfies me that the sons of S. F. Myers, with intent to appropriate to themselves the good will of the business of the bankrupt corporation, S. F. Myers Company, organized the new corporation, S. F. Myers Sons Company, established the business at the same place at which the business of the S. F. Myers Company had been conducted for many years, prevented Mr. Tuttle from leasing a place of business in said premises, and in various instances made use of the lists, letter heads, and sta-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tionery of the S. F. Myers Company for the purpose of soliciting business from the former customers of the S. F. Myers Company, and have had the letter heads and other stationery of the S. F. Myers Sons Company intentionally prepared so as to simulate the letter heads and other stationery formerly used by the S. F. Myers Company, and all with the intention of appropriating to themselves as much as possible the good will of the business of the S. F. Myers Company, and depriving Mr. Tuttle of a portion of such good will so purchased by him.

The counsel for the S. F. Myers Company claims that Mr. Tuttle should be prevented from doing business in the name of the S. F. Myers Company, and should be required to do business in his own name as successor of the S. F. Myers Company, on the ground that the S. F. Myers Company proposes to obtain a discharge in bankruptcy, and then resume business under its original name. I think it will be time enough to pass upon any question of that kind when the company has obtained its discharge in bankruptcy, and in any case my present impression is that that company would be obliged to so conduct any new business as not to interfere with the good will of its old business, which has been sold under the order of this court.

Counsel also claims that Mr. Tuttle, by his purchase of the good will of the S. F. Myers Company, did not in fact obtain anything, because the business is not carried on at the same street number as the business of the S. F. Myers Company, but in the adjoining building, and also because the entire plant and assets of the S. F. Myers Company were not purchased by Mr. Tuttle. The old definition of "good will" was the likelihood that former customers would resort to the old stand; but that does not mean that in all cases there cannot be any good will left if the place of business is changed. This business was principally a mail order business. In my opinion, it was not essential to the purchase of the good will that the business should be continued at 49 instead of 51 Maiden Lane. Nor, in my opinion, is the fact that Mr. Tuttle did not purchase the entire assets of the bankrupt decisive. He purchased the good will, the outstanding accounts, the subscription lists, and about three-quarters of the tangible assets, paying for them many thousand dollars. I think he was substantially the purchaser of the business as a going concern, and he is entitled to carry on the business without interference or piracy on the part of the Myers.

The motion of the bankrupt to stay Mr. Tuttle from doing business under the name of S. F. Myers Company is denied. In regard to the motion by Mr. Tuttle, I think that the order should enjoin the S. F. Myers Sons Company from using the subscription lists, from soliciting business from the old customers, and from simulating the letter heads, bill heads, and papers of the former corporation. I think, too, that, if they are to carry on the mail order business in jewelry and similar articles at 49 Maiden Lane, they should change the name of their corporation, so that the public will not be deceived in supposing that it is the same business, the good will of which was sold to Mr. Tuttle, or, if they prefer to carry on the business under the name of S. F. Myers Sons Company, they should be required to remove

from 49 Maiden Lane. Generally, the sons of S. F. Myers, and all persons formerly connected with that concern, should be enjoined from doing anything which would naturally tend to induce the public to believe that the business formerly conducted by the S. F. Myers Company is not now being conducted by Mr. Tuttle, or which would naturally tend in any respect to damage or impair the good will sold to Mr. Tuttle.

The orders in accordance with this decision should be settled on notice.