S. F. MYERS CO. v. TUTTLE.

TUTTLE v. S. F. MYERS CO.

(Circuit Court, S. D. New York. June 14, 1911.)

1. GOOD WILL (§ 6*)—DOING BUSINESS IN INDIVIDUAL NAME—PURCHASE OF GOOD WILL.

Though an individual cannot be prevented from carrying on business in his own name, and the purchase of the good will of the business carried on in the name of an individual will not in general prevent the individual from carrying on business in his own name thereafter, yet, if he does so, his business must be conducted in such a way as not to produce confusion with the business the good will of which has been sold.

[Ed. Note.—For other cases, see Good Will, Cent. Dig. §§ 2-5; Dec. Dig. § 6.*]

2. BANKRUPTCY (§ 268*)—SALE OF ASSETS—CORPORATE NAME—RIGHT TO USE.

The S. F. Myers Company, doing a mail order jewelry business, became bankrupt, and its assets, including its good will and corporate name, were purchased by T. Thereafter the sons of Myers formed a corporation called the "S. F. Myers' Sons' Company," and undertook to carry on a similar business at the same place occupied by the bankrupt corporation. This was enjoined at the suit of T. and the new corporation ordered either to change its name, so as not to produce confusion, or change its place of business; it being also enjoined from interfering with the business carried on by T. under the name of the old corporation. Held, that the old corporation, having obtained a discharge in bankruptcy but having no assets, was not entitled to enjoin T. from continuing to use the name of the old corporation; but such corporation could be restrained from interfering with the business of T. which he was carrying on under such name.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 268.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suits by the S. F. Myers Company, complainant, against Arthur W. Tuttle, defendant, and by Arthur W. Tuttle, cross-complainant, against the S. F. Myers Company, cross-defendant. Application by the S. F. Myers Company to enjoin Tuttle from doing business under its name, and motion by Tuttle to restrain the S. F. Myers Company from interfering with the business which he is conducting under such name. Motion of defendant Tuttle granted, and motion of the S. F. Myers Company denied.

See, also, 183 Fed. 235.

Samuel J. Siegel (Martin A. Ryan, of counsel), for S. F. Myers Co.

Martin Charles Ansorge and Elbert C. Ferguson (Richard J. Cronan, of counsel), for Arthur W. Tuttle.

HOLT, District Judge. These are two motions. One is made by the S. F. Myers Company, in its suit against Arthur W. Tuttle, for an injunction restraining the defendant from doing business under the corporate name of the complainant, or, in the alternative, restraining the defendant from using the complainant's name except in conjunction with his own name and the words "successor to," or other words properly indicating that the defendant is the successor to the business of the complainant. The other is a motion in the suit of Tuttle against S. F. Myers Company for an injunction restraining the Myers Company from interfering with the good will of the bankrupt S. F. Myers Company, purchased by Tuttle, or from using its name in its business. The S. F. Myers Company became a bankrupt. A sale of its assets, including its good will and corporate name, was ordered by this court. Upon such sale, a large portion of such assets and the good will and corporate name were purchased by Arthur W. Tuttle for a large sum of money. Thereafter the sons of S. F. Myers, who had originally founded the business which was incorporated under the name of the S. F. Myers Company, formed a corporation called "S. F. Myers' Sons' Co.," and undertook to carry on, at the same place, a similar business to that which had theretofore been carried on in the name of the S. F. Myers Company. This court enjoined S. F. Myers' Sons' Company from carrying on a similar business at the same place, and ordered that it either change its name, so as not to produce confusion, or change its place of doing business, and enjoined it from interfering with the business carried on by Mr. Tuttle under the name of the S. F. Myers Company. Thereafter the S. F. Myers Company applied for and received a discharge in bankruptcy, and now makes a motion to enjoin Tuttle from doing business under its name, on the ground that, having received a discharge in bankruptcy, it has a right to resume business under its original name, and Mr. Tuttle moves to restrain it from interfering with the business which he is carrying on under the same name.

[1] It is well settled that an individual cannot be prevented from carrying on business in his own name, and that a purchase of the good will of a business carried on in the name of an individual will not, as a general rule, prevent that individual from carrying on business in

his own name thereafter. But in such a case the courts usually require that the later business should be carried on in such a way as not to produce confusion with the business the good will of which has been sold.

[2] It is urged that the situation of this corporation is analogous to that of an individual bankrupt who has received a discharge; but in my opinion it is not. This is an ordinary business corporation, organized by filing a certificate. Its assets in bankruptcy are only enough to pay about 25 per cent. on its indebtedness. Although it has received its discharge in bankruptcy, it has no assets, and never will have any unless its stockholders contribute further cash. The instances are very rare in which corporations take the trouble to apply for a discharge under such circumstances. I have no doubt that the application was made in this case for the purpose of making this motion, and of endeavoring, by a sort of trick, to evade the injunction previously issued. In my opinion, the scheme should not be permitted to succeed. Mr. Tuttle bought the good will and the trade-name of this business, and gave for it a large amount of cash. It is the duty of this court to protect him in the ownership of his property. If the Myerses want to engage in the mail order business by means of a corporation, they can organize a new corporation under a different name by simply filing a certificate. They ought not to be permitted, by using the old corporate name, to interfere with the business being conducted by Mr. Tuttle.

The motion made by Tuttle is granted, and the motion made by S. F. Myers Co. is denied.