## THEOBALD–JANSEN ELECTRIC CO. v. HARRY I. WOOD ELECTRIC CO.

### In re HARRY I. WOOD ELECTRIC CO.

(Circuit Court of Appeals, Sixth Circuit.     December 5, 1922.)

No. 3779.

1. **Bankruptcy ⊂⟹143(1)—Corporate name need not be listed and does not pass to creditors.**

   The Bankruptcy Act (Comp. St. §§ 9585–9656) does not require a bankrupt corporation to list its corporate name as a part of its assets, nor does such name pass to creditors subject to the payment of debts, and the rule is not affected by Ky. St. § 562, allowing the purchaser of a corporation's franchises and property to organize a new corporation, with the rights, privileges, and franchises of the corporation.

2. **Bankruptcy ⊂⟹100(1)—Adjudication does not terminate corporate existence.**

   An adjudication against a bankrupt corporation does not terminate its corporate existence, in view of Bankruptcy Act, § 4 (Comp. St. § 9588), giving the corporation a right to apply for a discharge from its existing liability, and section 14 (Comp. St. § 9598), giving all bankrupts the right to be discharged on proper showing, and the corporation is thereafter free to do business under its corporate name.

Petition to Revise an Order of the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

In the matter of the Harry I. Wood Electric Company, bankrupt. An order of the referee for sale of the bankrupt's assets was ordered limited by the District Court, and the Theobald-Jansen Electric Company, the purchaser at the sale, brings a petition to revise. Modified.

Burwell K. Marshall, of Louisville, Ky., for appellant and petitioner.

Charles B. Seymour, of Louisville, Ky., for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. The referee ordered sale of the bankrupt's assets, including merchandise, fixtures, moneys, and accounts receivable, three months' use by the purchaser of the storeroom used by the bankrupt (upon the assumption by the purchaser of the lease of the property), including the good will and use of the trade-name of the business. Petitioner herein purchased the assets at trustee's sale made under the referee's order. The bankrupt, construing that order as purporting to transfer the right to use the bankrupt's corporate name, asked review. The District Court required the referee's order to be so limited as to "make it entirely clear that any sale of the trade name, whether one

existed or not, was not to be treated as equivalent to and should not operate in any way to include the corporate name of the bankrupt." The petitioner brings this proceeding to revise under section 24b of the act (Comp. St. § 9608).

[1, 2] In our opinion the order of the District Court should be affirmed, generally, for the reasons given in the opinion of the District Judge, viz. that the act does not require a bankrupt corporation to list its corporate name as a part of its assets, nor does the same pass to creditors subject to the payment of debts, nor does an adjudication terminate the bankrupt's corporate existence, section 4 (Comp. St. § 9588) giving a corporation the right to apply for discharge from its then existing liability, and section 14 (Comp. St. § 9598) giving all bankrupts generally the right to be discharged on proper showing, the bankrupt corporation being thereafter free to do business under its corporate name; and that section 562 of the Kentucky Statutes (which allows the purchaser of the franchises and property of a corporation to organize a new corporation for the carrying on of such business, with the rights, privileges, and franchises of the corporation whose rights have been so purchased) does not affect the otherwise prevailing rule of bankruptcy.

Petitioner relies largely upon the cases of S. F. Myers Co. v. Tuttle (C. C.) 183 Fed. 235, and 188 Fed. 532, where a corporation formed by officers of the bankrupt corporation (in nearly the same name as the latter) was itself forbidden to use the new corporate name as against the right thereto of the purchaser of the bankrupt's assets, including its good will, trade-name, etc., and was denied relief against such use by such purchaser. Of these two cases it is enough to say, first, that the corporate name of the bankrupt was expressly included among the assets sold in the bankruptcy proceedings under court order; and, second, that those suits were not direct attacks upon the order of sale, but were independent suits in equity, brought for unfair competition, under peculiar circumstances set out in the opinions, including an attempt by the new corporation to carry on, at the same place, a similar business to that which had theretofore been carried on in the name of the bankrupt.

The respondent here disclaims any contention that petitioner may not advertise itself as the successor of the bankrupt corporation, or that petitioner may not use the trade-name of that corporation for such articles, if any, as themselves bear that trade-name, "such as 'Harry I. Wood Electric Fan.'" The order of the District Court will be modified, if petitioner so desires, to conform to the disclaimers referred to.

Respondent will recover its costs of this court.