## SAWILOWSKY v. BROWN.

### SAWILOWSKY et al. v. BROWN et al.

(Circuit Court of Appeals, Fifth Circuit. March 21, 1923. Rehearing Denied April 6, 1923.)

Nos. 4023, 4024.

1. **Good will ⟨⇒⟩5—Transferred only in connection with business.**
Good will is a thing of value, that is susceptible of being transferred with a business having locality or name, but not independently.

2. **Bankruptcy ⟨⇒⟩257—Good will, trade-names, and trade-marks destroyed by sale of business by trustee.**
Good will, or trade-names, and trade-marks, connected with a business are destroyed by the sale of the business without the good will, or trade-names and trade-marks, and they cannot thereafter be the subject of a proper sale by the trustee.

3. **Bankruptcy ⟨⇒⟩143(1)—Trade-names pass to trustee; "property."**
The words "property which prior to the filing of the petition he could by any means have transferred," in Bankruptcy Act, § 70a (Comp. St., § 9654), are sufficient to include trade-names, and even if the doctrine of ejusdem generis is applied, trade-names are of the same nature as trade-marks referred to in such statute.
[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Property.]

4. **Bankruptcy ⟨⇒⟩257—Good will and trade-name properly sold by trustee in connection with stock of goods.**
The good will of a business conducted at a particular store, and the trade-name under which it was conducted, were properly sold by trustee in bankruptcy in connection with the stock of goods and fixtures of the bankrupt as a part of the assets of the bankrupt.

5. **Bankruptcy ⟨⇒⟩264—Confirmation of sale by referee made valid unauthorized proceedings.**
Even if including good will and trade-name in the sale of a stock of goods and fixtures was not fully authorized by the proceedings in bankruptcy prior thereto, confirmation by the referee was sufficient to ratify the sale.

---

⟨⇒⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On Petition for Rehearing.

6. **Trade-marks and trade-names and unfair competition** ⊜⟶37—**Right of bankrupt to use name sold by trustee.**

Where trade-name sold in connection with business by trustee in bankruptcy consists of the name of the insolvent, the transfer does not prevent him from using his own name in a business thereafter conducted, although one may by voluntary sale and assignment transfer the right to use his knowledge and name.

7. **Trade-marks and trade-names and unfair competition** ⊜⟶37—**Right of bankrupts to use names as individuals after sale of good will of bankrupt firm by trustee.**

The good will of a business, including the right to use trade-names, consisting of the names of individuals comprising the firm, may pass by the trustee's sale of assets; but members of the firm cannot be prevented from using such words subsequently in their own business provided the use is not such as to induce persons to buy articles of them as and for those manufactured by the purchasers, and that they do not represent the business conducted by them as the same as they formerly conducted.

8. *Trade-marks and trade-names and unfair competition* ⊜⟶37—**Bankrupt not entitled to use trade-name after sale by trustee.**

A bankrupt is not entitled to use a trade-name, not including his name or its name, which passed under a sale of the bankrupt's assets by the trustee.

Petitions to Superintend and Revise the Orders of the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

In the matter of the estate of Samuel Sawilowsky, trading as Children's Bootery, bankrupt. Petitions by Samuel Sawilowsky, trading as Children's Bootery, and Samuel Sawilowsky and others, trading as Children's Bootery, respectively, against A. J. Brown, trustee in bankruptcy, and such trustee and another, respectively, to superintend and revise an order (284 Fed. 975) of confirmation of sale of assets and to require purchaser to surrender bill of sale and accept a new one. Petitions denied.

See, also, 284 Fed. 158.

George C. Bedell, of Jacksonville, Fla. (Sabel & Reinstine, of Jacksonville, Fla., on the brief), for petitioners.

Sam R. Marks, of Jacksonville, Fla. (Johnson & McIlvaine, and Marks, Marks & Holt, all of Jacksonville, Fla., on the brief), for respondents.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The above-stated petitions have been presented and argued together. Involuntary proceedings in bankruptcy against Samuel Sawilowsky were pending in the United States District Court for the Southern District of Florida, and on September 20, 1922, the referee in bankruptcy by order authorized the trustee to offer for sale the stock of merchandise, consisting of ladies' and children's shoes, and fixtures of the bankrupt, located in a store in Jacksonville, Fla.; said business and store being conducted under the name of "The Children's Bootery." Said trustee advertised said stock and

fixtures as those of said bankrupt trading as "Children's Bootery," and announced to prospective bidders that the purchase of the stock and fixtures would carry with it the good will and trade-name of the business, and that the purchaser could obtain a three-year lease on said store.

Previously, at the first meeting of creditors, it had been unanimously resolved that the trustee was authorized to sell the assets of the bankrupt at private sale, subject to the approval and confirmation of the referee, without further meeting of creditors or notice of sale. The stock and fixtures were purchased by Thomas C. Sutker. The sale was confirmed by the referee, reciting that it was of the entire stock and fixtures, with the good will and trade-name of said bankrupt, and a bill of sale conveying said stock, fixtures, good will, and trade-name was executed by the trustee to said Sutker.

The bankrupt filed a petition to review said order of confirmation, and subsequently said bankrupt and two others, who recited that with him they were at the time of said sale seeking to form a corporation under the laws of Florida as "The Children's Bootery," filed a petition asking that said Sutker be required to surrender said bill of sale and accept a new one, omitting said good will and trade-name.

The District Court on review affirmed the referee's order confirming said sale, and refused to direct the surrender and cancellation of the bill of sale including said good will and trade-name, holding that they were assets which possessed value and which therefore passed to the trustee and were subject to sale by him; that the price obtained was sufficient, and that the bankrupt was not entitled to retain the same as his own property not affected by the bankruptcy. The petitioners have filed in this court petitions to superintend and revise in matter of law the orders of the District Court.

[1] That good will is a thing of value in many cases, and that it is susceptible of being transferred in connection with a business having locality or name and not independently, has been decided by the United States Supreme Court. It says:

"Undoubtedly, good will is in many cases a valuable thing, although there is difficulty in deciding accurately what is included under the term. It is tangible only as an incident, as connected with a going concern or business having locality or name, and is not susceptible of being disposed of independently. Mr. Justice Story defined good will to be 'the advantage or benefit, which is acquired by an establishment, beyond the mere value of the capital, stock, funds, or property employed therein, in consequence of the general public patronage and encouragement which it receives from constant or habitual customers, on account of its local position, or common celebrity, or reputation for skill or affluence, or punctuality, or from other accidental circumstances or necessity, or even from ancient partialities or prejudices.' Story, Part. § 99. As applied to a newspaper, the good will usually attaches to its name rather than to the place of publication. The probability of the title continuing to attract custom in the way of circulation and advertising patronage, gives a value which may be protected and disposed of, and constitutes property." Metropolitan Bank v. St. Louis Dispatch Co., 149 U. S. 436, 446, 13 Sup. Ct. 944, 948 (37 L. Ed. 799).

It has been decided to be an asset in bankruptcy subject to be sold by the trustee. S. F. Myers Co. v. Tuttle (C. C.) 183 Fed. 235, 236.

[2] Good will and trade-names or trade-marks connected with a

business are destroyed by a sale of the business without the good will and trade-marks, and they cannot thereafter be the proper subject of a sale by the trustee. In re Jaysee Corset Co. (D. C.) 201 Fed. 779; 38 Cyc. 867, 868.

[3] The Bankruptcy Act, after enumerating certain specific properties which pass to the trustee, naming therein interests in patents, patent rights, copyrights, and trade-marks, concludes, after such enumeration, with the words:

"Property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." Bankruptcy Act, § 70a (Comp. St. § 9654).

It is argued that because trade-marks are enumerated as a property, interests in which pass to the trustee, this excludes trade-names. We think, however, that the words "property which prior to the filing of the petition he could by any means have transferred" are quite sufficient to include trade-names. Indeed, even if the doctrine "ejusdem generis" is applied, trade-names are of the same nature as trade-marks. 36 Cyc. 764.

[4] The good will of the business conducted at the particular store in Jacksonville and the trade-name, "The Children's Bootery," under which it was conducted, were therefore properly sold in connection with the stock of goods and fixtures of the bankrupt, trading as "The Children's Bootery," as a part of the assets of the bankrupt. Sarrazin v. Irby Cigar & Tobacco Co., 93 Fed. 624, 35 C. C. A. 496, 46 L. R. A. 541; Hudson v. Osborne, 39 L. J. Ch. (N. S.) 79.

[5] Even if including the good will and trade-name in the sale was not fully authorized by the proceedings in bankruptcy prior thereto, the confirmation by the referee was sufficient to ratify the sale. Certainly the application of the bankrupt to have these items excluded from his assets and to be deemed as property not to be administered in bankruptcy is not sound.

The petitions to superintend and revise are therefore denied.

## On Petition for Rehearing.

The opinion in the case of In re Harry I. Wood Electric Co. (C. C. A. 6th Cir.), 285 Fed. 29, recently published, has been called to our attention on this motion. The ruling was to the effect that the trustee in bankruptcy could not transfer the name of the bankrupt as a trade-name, so as to prevent the bankrupt (in that case a corporation) from going on in business under its corporate name.

[6] There is a limitation on the right to transfer trade-names as assets in insolvency proceedings, to the effect that, where such trade-name consists of the name of the insolvent, the transfer thereof will not prevent him from using his own name in a business thereafter conducted. While one may by voluntary sale and assignment transfer the right to use his knowledge and name, such right cannot be taken from him by any judicial proceeding whatever. Helmbold v. Helmbold Mfg. Co., 53 How. Prac. (N. Y.) 453.

[7] The good will of a business, including the right to use trade-names consisting of the names of individuals comprising a firm, may

pass by a receiver's sale of the business and assets. But members of the firm cannot be prevented from using such words subsequently in their own business, provided the use is not such as to induce persons to buy articles of them as and for those manufactured by the purchasers, and also that they did not represent the business conducted by them as the same as that formerly conducted. Fish Bros. Wagon Co. v. Fish, 82 Wis. 546, 52 N. W. 595, 16 L. R. A. 453, 33 Am. St. Rep. 72; Fish Bros. Wagon Co. v. Fish Bros. Mfg. Co. (C. C.) 87 Fed. 203, affirmed 95 Fed. 457, 37 C. C. A. 146.

[8] The exception does not limit the rights acquired by the purchaser here. The name "Children's Bootery" does not include the name of the bankrupt, but is strictly a trade-name indicating the particular business, the subject of the sale, conducted at the particular place. No corporation by the name of the "Children's Bootery" had been formed, nor charter applied for, at the time of the adjudication in bankruptcy, nor at the time when the goods were advertised for sale as those of the bankrupt trading as "Children's Bootery."

No charter for a corporation by that name had been granted at the time of the sale and conveyance of the trade-name, the "Children's Bootery." There is nothing in the name to indicate that the business is conducted by any particular individual. Whether the name "Children's Bootery" is so descriptive of the class of business which the user was conducting, it being a business open to be pursued by any one, that it could not be exclusively appropriated as a trade-name, was not properly before the District Court, and is not before us on this proceeding.

The petition for rehearing is denied.