E. EDELMAN & CO. v. FREDERICKS ARMATURE MFG. CO. et al.

No. 995.

District Court, M. D. Pennsylvania.

June 21, 1933.

974

Welles, Mumford & Stark, of Scranton, Pa., for plaintiff.

Henry Hipple and M. E. Haggerty, both of Lock Haven, Pa., for defendants.

JOHNSON, District Judge.

This is a bill in equity to enjoin the defendants from using the names "Fredericks Armature Manufacturing Company," "Fredericks Armature Corporation," or "Fredericks," or any substitution therefor, from soliciting customers of the Fredericks Armature Corporation for the sale of armatures or coils, from receiving mail addressed to the Fredericks Armature Corporation and from doing any act or deed detrimental to the right of the complainant as a purchaser of the good will and the right to use the name "Successor to Fredericks Armature Corporation."

The Fredericks Armature Corporation, a Pennsylvania corporation, with places of business in Chicago, Ill., and Lock Haven, Pa., was engaged in the electrical equipment business throughout the United States. Apparently the principal place of business was located in Chicago as the corporation was there adjudicated a bankrupt. The United States District Court for the Northern District of Illinois appointed a receiver in bankruptcy who sold the assets of the Fredericks Armature Corporation in that district. The court approved the sale of the assets to the complainant's assignor and stated in its order of approval that the sale included the receiver's right, title, and interest only in and to the good will of the Fredericks Armature Corporation, together with the right to use the name "Successor to Fredericks Armature Corporation," lists of customers, orders on hand, and incoming orders, if any, correspondence, stationery, electros, catalogues, advertising matter, patterns, blue prints, trade-marks, designs, jigs, and dies.

The real estate, fixtures, rights, privileges, and franchises of the Fredericks Armature Corporation located in Lock Haven, Pa., had been mortgaged several years prior to the institution of bankruptcy proceedings, to the Lock Haven Trust Company. The mortgagee issued execution on the bond accompanying the mortgage several days before the filing of the petition in bankruptcy and at the sheriff's sale it purchased the mortgaged property. The Fredericks Armature Manufacturing Company was formed in Lock Haven by the purchaser and later the Fredericks Armature Corporation was formed and the Fredericks Armature Manufacturing Company was dissolved.

Both the plaintiff and defendants have been endeavoring to secure the nation-wide business of the bankrupt corporation and both have represented to the trade that they have succeeded to the business of the bankrupt.

The defendant corporation contends that it is entitled to use the name of the Fredericks Armature Corporation and seeks the business of the bankrupt corporation because it is a reorganization of the old corporation under the Pennsylvania Act of Assembly of 1861, P. L. 259, as amended (see 15 PS, Pa., § 571). This act provides in part that whenever property and franchises, or any part thereof of any corporation may be sold by virtue of any process or decree of any court of this state, the person or persons for or on whose account such property and franchises may be purchased shall be constituted a body politic and corporate and shall be vested with all the right, title, interest, property, possession, claims, and demands in law or equity, in the property or franchises so sold and conveyed.

The good will of the Fredericks Armature Corporation was sold by the United States District Court for the Northern District of Illinois sitting in bankruptcy prior to the sale and conveyance of the property by the state court in Pennsylvania. The principal place of business of the bankrupt corporation had been determined as being in Chicago. That the bankruptcy court has the power to sell the good will of the bankrupt corporation and protect the purchaser's enjoyment thereof has been decided. S. F. Myers Co. v. Tuttle (C. C.) 183 F. 235; S. F. Myers Co. v. Tuttle (C. C.) 188 F. 532. The question whether the receiver in bankruptcy in the Northern District of Illinois was vested with the title of the bankrupt's assets and whether the sale of the assets and good will of the bankrupt in the primary jurisdiction passed such title to the purchaser cannot be attacked collaterally in this court where the bankruptcy proceedings were ancillary only.

The question which presents the most difficulty is whether, under the Pennsylvania Act of Assembly of 1861, as amended, the defendants are entitled to use the name Fredericks Armature Corporation, and hold themselves out to the trade as the successors to the

old Fredericks Armature Corporation by reason of the fact that the act provides that purchasers at the sale shall be vested with the property and franchises of the old corporation. A reading of the act does not disclose such intention of the Legislature. In fact the act referred to provides that such new corporation "shall adopt a corporate name and common seal." No doubt it may use the name and good will of the old corporation in cases where such assets have not been conveyed previously, but so long as the decree of the bankruptcy court in the primary jurisdiction remains in effect the rules of comity require that such decree be protected.

Counsel for the defendants contend further that because the mortgage on the bankrupt's real estate in Lock Haven contained the words "corporate franchises" and because the property mortgaged was not included in the bankrupt's assets by reason of its having been sold under a valid pre-existing lien, the right to the name and good will passed to the purchaser of the real estate by reason of its having been included in the mortgage to the Lock Haven Trust Company.

There are decisions to the effect that the good will of a corporation can be mortgaged, but there is nothing in this case to indicate that the good will of the old Fredericks Armature Corporation was mortgaged and counsel have not cited any cases holding that the word "franchise" includes the good will or the right to use the corporate name, nor do the definitions of the word "franchise" include such terms. The advertisement of sale of the property in Lock Haven did not specify the name nor did the sale cover specifically the name in question, and we cannot presume that the same included the name of the corporation without which the corporation could not exist and do business.

In view of the foregoing conclusions this court is of the opinion that as against the assignee of the purchaser of the good will of the bankrupt corporation and the right to use the name "Successor to Fredericks Armature Corporation" in the Northern District of Illinois, the defendants have no right to use the name or in any manner destroy the good will of the old Fredericks Armature Corporation, which was purchased by the complainant's assignee as long as the decree affirming that sale is in effect.

A formal decree in accordance with this opinion may be submitted by counsel for the complainant upon notice to counsel for the defendants.