### In re CONNOLLY & WALLACE CO., Inc.
### No. 10049.

District Court, M. D. Pennsylvania.

May 2, 1940.

Wm. J. Fitzgerald, Gunster, Mackie & Murphy, and Raymond T. Law, all of Scranton, Pa., for petitioners.

John Memolo, of Scranton, Pa., for purchaser, Edward I. Plottle.

WATSON, District Judge.

This case is now before the Court on a petition to review the order of the Referee confirming a sale of the assets of the bankrupt.

On February 19, 1940, all of the assets of the bankrupt, with certain exceptions not here material, were sold. On the same day the Referee confirmed the sale nisi, the same to be confirmed finally upon February 26, 1940 if no exceptions were filed. Notice of the confirmation nisi of the sale was given to all interested parties. No exceptions or objections were filed, and, on February 26, 1940, the sale was confirmed finally. On March 4, 1940, the bankrupt filed with the clerk of the District Court a petition for review of the order of the Referee made on February 26, 1940. Thereafter, on March 11, 1940, the bankrupt filed its petition to review with the Referee, and the matter is now before the Court.

The Order which is now before the Court on review provides as follows:

"Now, this 26th day of February, 1940, after due hearing on the within petition, and no objections thereto having been filed, the said sale is hereby confirmed finally, and the trustee is directed to turn over his right, title and interest thereto to the purchaser upon receipt of the balance of the purchase price.

"/s/ Wm. K. Goldstein,
"Referee in Bankruptcy."

The Bankrupt does not contend that the order was improper, nor that there was any error or irregularity in the sale, but requests that the above quoted order be limited in such manner as to show that it does not include the corporate name of the bankrupt.

The Court is of the opinion that this is not the proper procedure to determine the question raised by the bankrupt. The Trustee did not purport to sell, nor did the Referee purport to confirm, the sale of anything except the Trustee's right, title, and interest in the assets of the bankrupt. It is clear, therefore, that there is no error in the proceedings that requires correction.

The Bankrupt relies upon the case of Theobald-Jansen Electric Co. v. Harry I. Wood Electric Co., 6 Cir., 285 F. 29, as authority for the procedure which was fol-

lowed. In that case, however, the Referee ordered the sale of the assets of the bankrupt, "including the good will and use of the trade-name of the business." The Court held that, insofar as the word "trade-name" included the name of the bankrupt corporation, there was reviewable error and that the order should be so limited as to exclude the name of the bankrupt.

In my opinion, the Trustee does not acquire any title to the name of a bankrupt corporation which may be lawfully sold as an asset of the bankrupt estate. In the case now under consideration, the Referee's order is incapable of a construction which would pass title to anything which lawfully could not be sold. It is clear, therefore, that the bankrupt does not complain of the order of the Referee nor of the proceedings before the Referee, but is in effect attempting to settle a dispute by reviewing an order in which the dispute was not considered. The bankrupt might have obtained a decision of the question raised in its petition had it taken appropriate steps before the Referee to ·inject the question in the proceedings, but it did not do so. The Referee's order is undoubtedly proper and the sale was conducted, admittedly, according to law. The Court must, therefore, dismiss the petition to review without prejudice to the institution of a proper proceeding to settle the dispute which the bankrupt asserts.

Now, May 2, 1940, the order of the Referee dated February 26, 1940 is affirmed, and the petition to review the order is dismissed without prejudice to the institution of any other proceeding which may be brought to settle the dispute asserted by the bankrupt.