123 F.Supp. 588 (1954)
In re TOWN CRIER BOTTLING CO., Inc.
No. 11811.
United States District Court, E. D. Missouri, E. D.
December 23, 1953.
Order Confirmed April 16, 1954.
*589 Elmer Price, St. Louis, Mo., for Gerald Rimmel, trustee in bankruptcy.
Harry Richards, U. S. Atty., and Robert E. Brauer, Asst. U. S. Atty., St. Louis, Mo., for Director of Revenue.
O'HERIN, Referee in Bankruptcy.
Gerald A. Rimmel, Esq., trustee in bankruptcy herein, filed a petition for instructions as to whether or not he is obliged to comply with a demand of officials of the Bureau of Internal Revenue that he file income tax returns on behalf of the bankrupt corporation in this case for the years 1951 and 1952. The government appeared by the United States Attorney and filed a brief.
Bankrupt filed a voluntary petition December 8, 1952, and an order of adjudication entered that day. Petitioner was appointed trustee in bankruptcy January 13, 1953. He is a liquidating trustee, whose sole function is and has been to sell the assets of the corporation and distribute the proceeds among creditors in accordance with the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. He has at no time operated the property or business of the bankrupt, which was the manufacture and distribution of soda waters. There is no contention that as trustee in bankruptcy he has received any taxable income for any such operations and he has not.
The government's brief states that as to the year 1951, trustee should file the return "or in the alternative allow an examining agent of the Bureau of Internal Revenue access to these books and records for the purpose of making a substitute return." This alternative is not here an issue either as to 1951 or 1952, nor could it be in any case. The trustee here has not refused any department agent access to the books and records nor would such refusal be tolerated in any case.
The government contends the trustee is obliged to make the returns under 26 U.S.C.A. § 52 and Treasury Regulation 111, Sec. 29.52-2.
Section 52 covers corporation income tax returns. It reads:
"(a) Requirement. Every corporation subject to taxation under this chapter shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this chapter and such other information for the purpose of carrying out the provisions of this chapter as the Commissioner with the approval of the Secretary may by regulations prescribe. The return shall be sworn to by the president, vice president, or other principal officer and by the treasurer, assistant treasurer, or chief accounting officer. In cases where receivers, trustees in bankruptcy, or assignees are operating the property or business of corporations, such receivers, trustees, or assignees shall make returns for such corporations in the same manner and form as corporations are required to make returns. Any tax due on the basis of such returns made by receivers, trustees, or assignees shall be collected in the same manner as if collected from the corporations of whose business or property they have custody and control."
Treasury Regulation 111 Sec. 29.52-2 provides:

*590 "Receivers, trustees in dissolution, trustees in bankruptcy, and assignees, operating the property or business of corporations, must make returns of income for such corporations. If a receiver has full custody of and control over the business or property of a corporation, he shall be deemed to be operating such business or property within the meaning of section 52, whether he is engaged in carrying on the business for which the corporation was organized or only in marshalling, selling, and disposing of its assets for the purposes of liquidation. Notwithstanding that the powers and functions of a corporation are suspended and that the property and business are for the time being in the custody of the receiver, trustee, or assignee, subject to the order of the court, such receiver, trustee, or assignee stands in the place of the corporate officers and is required to perform all the duties and assume all the liabilities which devolve upon the officers of the corporation were they in control. A receiver in charge of only part of the property of a corporation, however, as, for example, a receiver in mortgage foreclosure proceedings involving merely a small portion of its property, need not make a return of income."
The same contention was made by the government, based on the same statute and regulation in Matter of Standard Electro-Medical Corp., Bankrupt, 38 Am. Bankr.Rep.,N.S., 402 before Referee Wyman in the Northern District of California. It was there held, in a well considered opinion, that it was not legally incumbent upon the trustee in bankruptcy, who in that case was a liquidating trustee only, to prepare and file such returns. A footnote to the reported case states the Collector of Internal Revenue appealed from the order and the appeal was subsequently dismissed by consent, upon authority of the Attorney General.
In the case of In re Owl Drug Co., D.C.Nev., 21 F.Supp. 907, Judge Yankwich of the Southern District of California sitting in Nevada, held that trustees in bankruptcy must make an income tax return under section 52 only when they are operating the property or business of the corporation and derive income from such operation. This for the reason that section 52, as to trustees in bankruptcy, imposes a tax on the income of the trustee, not the income of the bankrupt corporation. Such is its legislative history and such is the authority of decision.
Some years following the decision of the Supreme Court in Pollock v. Farmers' Loan & Trust Co., 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759; Id., 158 U.S. 601, 15 S.Ct. 912, 39 L.Ed. 1108; holding the income tax provisions of the Act of 1894, 28 Stat. 509, chap. 329, unconstitutional, Congress in 1909 enacted a corporation tax law imposing an excise or privilege tax upon the doing of business, which excise tax was computed on the basis of per centum on income derived, 36 Stat. 11, 112-117, chap. 6. In United States v. Whitridge, 231 U.S. 144, 34 S.Ct. 24, 58 L.Ed. 159, it was held that receivers operating street railways were not subject to the tax as the act did not by its terms impose any duty on such receivers to pay the tax or make the return.
After the adoption of the income tax amendment, Congress on October 3, 1913 enacted a corporation income tax act from which section 52 is derived, 38 Stat. 175. It contained no reference to receivers or trustees. In Scott, Collector of Internal Revenue v. Western Pac. R. Co., 9 Cir., 246 F. 545, it was held that the statute did not impose a tax for the year 1915 on the receiver of a railroad, who had been appointed by the United States District Court. The authority for this conclusion was United States v. Whitridge, 34 S.Ct. 24 hereinabove mentioned.
In the meantime, on September 8, 1916, and prior to the decision in the Scott case, Congress, no doubt with the Whitridge case in mind, amended the *591 act and added the provision with respect to receivers, trustees in bankruptcy and assignees operating the property or business of corporations. Revenue Act of 1916, c. 463, 39 Stat. 756, 771.
As so amended the Act came before the Supreme Court in Reinecke v. Gardner, 277 U.S. 239, 48 S.Ct. 472, 72 L.Ed. 866, which case involved a trustee in bankruptcy, who was operating the property of a bankrupt coal-mining corporation under order of the bankruptcy court. It was there held that the amendment of 1916 imposed an income tax on the income the trustee in bankruptcy realized from operating the business; that this income was income of the trustee in bankruptcy, not of the corporation. This being the purpose and effect of the statute, it does not impose any obligation on a trustee in bankruptcy not operating the business or property of the bankrupt corporation nor receiving any income therefrom, to file income tax returns for the corporation. If, as the government contends, the regulation hereinbefore quoted requires that such be done, then the regulation to that extent is void and unenforceable.
A Treasury regulation which operates to create a rule out of harmony with the statute is a mere nullity. Helvering v. Safe Deposit & Trust Co., 4 Cir., 95 F.2d 806; Kaufman v. United States, 4 Cir., 131 F.2d 854; C. I. R. v. Winslow, 1 Cir., 113 F.2d 418, 133 A.L.R. 405; Manhattan General Equipment Co. v. C. I. R., 297 U.S. 129, 56 S.Ct. 397, 400, 80 L.Ed. 528. While, in view of the foregoing, the regulation is not material to a ruling here, it is so stressed by the government's brief that comment thereon is not inappropriate I find nothing in the regulation which would require that a liquidating trustee in bankruptcy without taxable income, file tax returns and I doubt that the draftsman of the regulation intended such. The first sentence of the regulation follows the statute in that it provides receivers, trustees in dissolution, trustees in bankruptcy and assignees "operating the property or business of corporations, must make returns of income for such corporations". (Emphasis supplied.) There follows the provision that "if a receiver has full custody of and control over the business or property of a corporation, he shall be deemed to be operating such business or property within the meaning of section 52, whether he is engaged in carrying on the business for which the corporation was organized or only in marshalling, selling and disposing of its assets for purposes of liquidation". The omission of trustees in bankruptcy from this provision is significant. What the effect of this clause might be in case of a receiver is not for decision here as this case does not involve a receiver, and the provision has no present application.
The remainder of the regulation is as follows:
"Notwithstanding that the powers and function of a corporation are suspended and that the property and business are for the time being in the custody of a receiver, trustee, or assignee, subject to the order of the court, such receiver, trustee, or assignee stands in the place of the corporate officers and is required to perform all the duties and assume all the liabilities which would devolve upon the officers of the corporation were they in control."
Again there is no mention of a trustee in bankruptcy. The reference is to a "receiver, trustee or assignee". In the first sentence of the regulation a distinction between "trustees in dissolution" and "trustees in bankruptcy" is recognized, as both are mentioned. The last quoted clause could not be intended to apply to a trustee in bankruptcy because he does not "stand in the place of the corporate officers" and he is not "required to perform all the duties and assume all the liabilities which would devolve upon the officers of the corporation were they in control". That is not the law in bankruptcy.
Bankruptcy proceedings are in the nature of proceedings in rem. Hanover National Bank of City of New York v. Moyses, 186 U.S. 181, 22 S.Ct. 857, *592 46 L.Ed. 1113; In re Neidecker, 2 Cir., 82 F.2d 263. The trustee in bankruptcy is a statutory officer of the court. He takes title to the property he is to administer under Sec. 70 of the Act, 11 U.S.C.A. § 110. In this respect he differs from a receiver in bankruptcy. The latter takes no title to bankrupt's property. It remains in the bankrupt. The receiver is a custodian. Imperial Assur. Co. v. Livingston, 8 Cir., 49 F.2d 745, 74 A.L.R. 1336. The duties of a trustee in bankruptcy are specified in sec. 47 of the Act, 11 U.S.C.A. § 75, the general scope of which are well epitomized in the first sentence of the section to "collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estates as expeditiously as is compatible with the best interests of the parties in interest". Neither the Bankruptcy Act nor General Orders place any duty of a bankrupt corporation's officers on a trustee in bankruptcy. Section 7, sub. a of the Act, 11 U.S.C.A. § 25, sub. a, enumerates the duties of a bankrupt under the Act, many of which are of a continuing nature during administration, and subsection b thereof then provides:
"Where the bankrupt is a corporation, its officers, the members of its board of directors or trustees or of other similar controlling bodies, its stockholders or members, or such of them as may be designated by the court, shall perform the duties imposed upon the bankrupt by this Act."
An adjudication in bankruptcy does not effect dissolution of a corporation; it may obtain a discharge and thereafter conduct its business. Theobald-Jansen Electric Co. v. Harry I. Wood Electric Co., 6 Cir., 285 F. 29; Rudebeck v. Sanderson, 9 Cir., 227 F. 575.
A corporation to obtain a discharge must file an application therefor, which may be done any time within six months after adjudication. Section 14, sub. a, Bankruptcy Act, 11 U.S.C.A. § 32, sub. a. Such application should be filed by an authorized officer of the corporation. Brown v. Four-In-One Coal Co., 6 Cir., 286 F. 512. The corporate directors and stockholders may still function so long as they do not interfere with or impede the bankruptcy administration. In re O'Gara Coal Co., 7 Cir., 260 F. 742; In re J. P. Linahan, Inc., 2 Cir., 111 F.2d 590, 592.
It has been the writer's opinion heretofore informally expressed though not reflected in this record, that the government has the legal right to compel corporate officers to file the returns here demanded. Be that as it may this trustee should not be called on to do it.
The trustee in bankruptcy would have no personal knowledge of the income or operations of the bankrupt corporation during the two taxable years prior to his appointment; he could not certify to the correctness of such return; in most instances he would be obliged to burden the estate with the expense of an accountant to make possible the preparation of such returns and such expense should not be authorized by this court. All books and records are available for use by treasury department agents from which the substituted returns mentioned in government's brief could be made. No one is harmed if the trustee does not perform this gratuitous service. I find no legal compulsion for him so to do.
If the trustee in bankruptcy realized taxable income from operation of bankrupt's property or business, then under Section 52 he would be obliged to make an income tax return and pay the tax, which would be an expense of administration in bankruptcy. Failure so to do would be at his personal peril. However we have no such case here. He will not be required to comply with the demand of the Bureau of Internal Revenue.
Louisville Property Co. v. C. I. R., 6 Cir., 140 F.2d 547 and Pinkerton v. United States, 7 Cir., 170 F.2d 846, cited by the government are not to the contrary. In both cases operation of the business was being carried on, in the first by an assignee, in the second by a *593 receiver. An order will enter on trustee's petition accordingly.

Order.
HARPER, District Judge.
Petition of United States for Review of Referee's Order entered December 23, 1953, on Trustee's Petition for Instructions as to filing Income Tax Returns on behalf of Bankrupt Corporation for the Years 1951 and 1952.
Memorandum of the Referee is hereby adopted as the memorandum of the court, and the order of the Referee is in all respects confirmed.