## DILLON v. STRATHEARN STEAMSHIP COMPANY, CLAIMANT OF STEAMSHIP "STRATHEARN."

### CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 361.   Argued November 5, 1918.—Decided December 23, 1918.

A certificate under Jud. Code, § 239, Rule 37, must state the facts pertinent to the questions certified, and this cannot be dispensed with by reference to the transcript and briefs in the Circuit Court of Appeals, which are no part of the record in this court.

A certificate which fails to comply with the rule in this respect must be dismissed.

Certificate dismissed.

THE case is stated in the opinion.

Mr. W. J. Waguespack and Mr. Silas B. Axtell for Dillon.

Mr. Ralph James M. Bullowa, for Strathearn S. S. Co., submitted.

Mr. Assistant Attorney General Brown, with whom Mr. Robert Szold was on the brief, for the United States as amicus curiæ.

Mr. Frederic R. Coudert and Mr. Howard Thayer Kingsbury, for the British Embassy as amicus curiæ, submitted.

MR. JUSTICE DAY delivered the opinion of the court.

John Dillon, a British subject, filed a libel in admiralty in the United States District Court for the Northern

District of Florida in which he claimed the sum of $125.00, alleged to be due him for wages as a carpenter on the steamship "Strathearn." The District Court dismissed the libel. 239 Fed. Rep. 583. An appeal was taken to the Circuit Court of Appeals for the Fifth Circuit. The libel was filed under the provisions of § 4 of the Seaman's Act of 1915, 38 Stat. 1164, 1165.[1]

The Circuit Court of Appeals certifies two questions to this court:

"First. Is section 4530 of the Revised Statutes of the United States, as the same was amended by section 4 of the act of Congress, approved March 4, 1915, entitled 'An Act to promote the welfare of American seamen in the merchant marine of the United States; to abolish arrest and imprisonment as a penalty for desertion and to secure the abrogation of treaty provisions in relation thereto; and to promote safety at sea,' violative of the Constitution of the United States?

"Second. Is section 4530 of the Revised Statutes of the

---

[1] Sec. 4. That section forty-five hundred and thirty of the Revised Statutes of the United States be, and is hereby, amended to read as follows:

"'Sec. 4530. Every seaman on a vessel of the United States shall be entitled to receive on demand from the master of the vessel to which he belongs one-half part of the wages which he shall have then earned at every port where such vessel, after the voyage has been commenced, shall load or deliver cargo before the voyage is ended, and all stipulations in the contract to the contrary shall be void: *Provided,* Such a demand shall not be made before the expiration of, nor oftener than once in five days. Any failure on the part of the master to comply with this demand shall release the seaman from his contract and he shall be entitled to full payment of wages earned. And when the voyage is ended every such seaman shall be entitled to the remainder of the wages which shall then be due him, as provided in section forty-five hundred and twenty-nine of the Revised Statutes: . . . *And provided further,* That this section shall apply to seamen on foreign vessels while in harbors of the United States, and the courts of the United States shall be open to such seamen for its enforcement.'"

United States, as the same was amended by the last-mentioned act of Congress, approved March 4, 1915, violative of the Constitution of the United States in so far as it provides 'That this section shall apply to seamen on foreign vessels while in harbors of the United States, and the courts of the United States shall be open to such seamen for its enforcement?'"

The certificate is made under § 239 of the Judicial Code which makes provision for the certification of questions of law to this court from a Circuit Court of Appeals. The section provides that this court may give instruction on the questions certified, or it may order the whole record sent up for consideration and decision. Rule 37 of this court provides that in such cases the certificate shall contain a proper statement of the facts on which the questions of law arise. The certificate in this case fails to comply with this rule of court. It contains a partial statement of Dillon's contract with the ship. It states that no part of the sum sued for was due under the shipping articles signed by Dillon. It does not state the terms of payment agreed upon, when or where payments were to be made under the contract, or what advancements, if any, were to be made during the voyage. The certificate concludes: "For information as to the facts of the case copies of the transcript and briefs are herewith transmitted." Counsel argue the case by reference to the transcript of the record in the Circuit Court of Appeals, and it is apparent that a proper consideration of the case requires such reference. This transcript is no part of our record. This court alone has authority to have it sent up. The briefs in the Circuit Court of Appeals are no part of the record here. The certificate is required to state the pertinent facts in order that this court may answer the questions of law certified with reference to such facts, and not by searching the records and briefs of the Circuit Court of Appeals itself.

The certificate therefore fails to comply with our rule,

and in accordance with the established practice must be dismissed. *Cincinnati, Hamilton & Dayton R. R. Co.* v. *McKeen,* 149 U. S. 259, 261; *Stratton's Independence* v. *Howbert,* 231 U. S. 399, 422, and cases cited.

*Dismissed.*