REINECKE, COLLECTOR, *v.* GARDNER, TRUSTEE.

No. 471. Argued April 17, 18, 1928.—Decided May 14, 1928.

240

*Assistant Attorney General Mabel Walker Willebrandt,* with whom *Solicitor General Mitchell* and *Messrs. Sewall Key* and *J. Louis Monarch,* Attorneys in the Department of Justice, were on the brief, for Reinecke, Collector.

*Mr. Albert L. Hopkins,* with whom *Messrs. Clarence J. Silber* and *Jay C. Halls* were on the brief, for Gardner, Trustee.

MR. JUSTICE STONE delivered the opinion of the Court.

In this case, pending in the Court of Appeals for the Seventh Circuit, that court has certified to this questions of law concerning which it asks instructions for the proper disposal of the cause. Jud. Code, § 239. The certificate states that the appellee, trustee in bankruptcy of a coal mining corporation, acting under order of the bankruptcy court, carried on the business of the bankrupt, using for that purpose its entire property. From October 3, 1913, the date of the adjudication, until about January 1, 1917, the business was conducted at a loss, but in 1917 and 1918 there were substantial profits. In 1917 the bankruptcy court, on the application of holders of bonds secured by trust deeds of all the bankrupt's property, ordered the payment of the bond interest maturing in 1916, the profits of the business for 1916 exceeding the interest maturing in that year. The trustee kept his books on the accrual basis and the interest coming due in 1916 was shown on the books as then kept. The trustee deducted from gross income of that year the bond interest which matured in 1916 and was paid in 1917. The Commis-

sioner of Internal Revenue disallowed the deduction and filed in the bankruptcy court a claim for the additional income and the excess profits tax due for 1917, on the ground the interest maturing on the bonds in 1916 had been improperly deducted from 1917 profits. The questions certified are as follows:

Question 1. Is a trustee in bankruptcy, operating under order of the bankruptcy court the business of a bankrupt domestic corporation in the year 1917, and realizing net profits from the operation, subject to the excess profits tax imposed by the revenue act of 1917, in a case where the corporation, if itself conducting the business, would, under the act, have been subject to such tax?

Question 2. Under the above stated facts is the trustee in bankruptcy, in computing income and excess profits taxes for the year 1917, entitled to deduct from the gross income of 1917 the bond interest maturing in 1916, and paid in 1917 out of profits of his operation in 1917 of the bankrupt's business?

As under the bankruptcy act the entire property of the bankrupt vested in the trustee, the income in question was not the income of the bankrupt corporation, but of the trustee and was subject to income and excess profits tax only if the statutes authorized the assessment of the tax against him. The Revenue Act of 1916, c. 463, 39 Stat. 756, and the War Revenue Act of 1917, c. 63, 40 Stat. 300, imposed income and excess profits taxes on individuals, partnerships and corporations, but neither in terms mentioned trustees in bankruptcy as taxable persons. But § 13(c) of the Act of 1916 required trustees in bankruptcy of corporations subject to the income tax to make returns of net income, and provided that " any income tax due on the basis of such returns . . . shall be assessed and collected in the same manner as if assessed directly against the " corporation. This section, as

appellee concedes, by its terms extends the tax imposed by § 10 of the Act of 1916 to income received by trustees in bankruptcy of corporations. See *United States* v. *Chicago & Eastern Ill. Ry.*, 298 Fed. 779.

In the next year § 4 of Title I of the Act of 1917 imposed an income tax of 4% " in addition to the tax imposed " by § 10 of the Act of 1916 as then amended on the same subjects taxed by § 10, and provided that " the tax imposed by this section shall be computed, levied, assessed, collected, and paid upon the same incomes and in the same manner as the tax " imposed by § 10. The respondent was thus subjected to the additional income tax of the later act.

The case is different with respect to the excess profits tax. That tax was imposed by Title II of the Act of 1917 on corporations, partnerships and individuals engaged in trade or business. The Title made no mention of executors, receivers, trustees or persons acting in a fiduciary capacity, and contained no language corresponding to the quoted provision of Title I, § 4, extending the additional income tax to " the same incomes " taxed by § 10 of the Act of 1916. A tax imposed on corporations alone does not extend to a trustee in bankruptcy of a corporation. See *United States* v. *Whitridge*, 231 U. S. 144; *Scott* v. *Western Pacific Ry.*, 246 Fed. 545; *compare Smietanka* v. *First Trust & Savings Bank*, 257 U. S. 602. In support of the assessment of an excess profits tax the collector relies on the general language of § 212 of Title II, printed in the margin [1], providing in substance that all

[1] Sec. 212. That all administrative, special, and general provisions of law, including the laws in relation to the assessment, remission, collection, and refund of internal-revenue taxes not heretofore specifically repealed, and not inconsistent with the provisions of this title are hereby extended and made applicable to all the provisions of this title and to the tax herein imposed, and all provisions of Title I of such

the administrative provisions of the Act of 1916 not inconsistent with Title II are made applicable to it, and argues that the provisions of § 13(c) of the Act of 1916, requiring the trustee in bankruptcy of a corporation to file a return and subjecting to tax the income thus disclosed are incorporated in the Act of 1917 by reference and extended to the excess profits taxes imposed by that act.

It is to be noted that § 212 purports to take over from the earlier acts administrative provisions only. Its last clause, adopting the provision of Title I of the 1916 Act " relating to returns and payment of the tax," refers to the administrative provisions of the earlier act fixing the time and manner of making returns and payment of the tax and not to the classes of income to be assessed. In this connection the omission from § 212 of any clause corresponding to the assessment provisions of Title I, by which the additional income tax was imposed on the " same incomes " taxed by the earlier act, is significant. If the requirement in § 13(c) that trustees shall make returns be considered an administrative provision, certainly the added clause " any . . . . tax due on the basis of such returns shall be assessed and collected " is more than administrative and actually imposes a tax. As such it is not incorporated in the later act by the reference in § 212. Thus the later act is without any provision subjecting one in the position of appellee to the excess profits tax.

The apparent purpose of § 212 was to take over from the earlier act those applicable administrative provisions which would aid in the collection of the new tax imposed

Act of September eighth, nineteen hundred and sixteen, as amended by this Act, relating to returns and payment of the tax therein imposed, including penalties, are hereby made applicable to the tax imposed by this title.

by Title II and not to extend it to classes of persons or subjects not mentioned in the Title. Various reasons. may be urged why Congress may not have intended to extend the excess profits tax to trustees in bankruptcy. But whatever purpose Congress may have had, we think the language of § 212 falls short of indicating any intention to enlarge the classes of taxpayers mentioned in Title II. The extension of a tax by implication is not favored. *United States* v. *Whitridge, supra; Smietanka* v. *First Trust & Savings Bank, supra.*

The Treasury Department itself has held that testamentary trustees and trustees of estates in process of distribution, notwithstanding the administrative provisions of the 1916 Act requiring them to make returns for income tax purposes, are not taxable for excess profits. L. O. 1100, I–2 C. B. 230; S. M. 2384, III–2 C. B. 330.

The first question is answered "No."

As the trustee in bankruptcy was subject to an income tax under the Act of 1916 an answer to the second question is not made unnecessary by our answer to the first. The second was, we assume, intended to present the question whether the deduction of interest accrued and payable in 1916, but actually paid in 1917, was required to be made from 1916 income because the taxpayer kept his books on the accrual basis. We are unable to answer the question for the reason that the certificate omits to state facts essential to its determination. The applicable section, 13(d) of the Act of 1916, directs that if the taxpayer keeps his books on any basis other than that of actual receipts and disbursements, and the return is made on the basis adopted, the tax shall be computed on that basis unless the books clearly do not reflect the taxpayer's true income. In *United States* v. *Anderson,* 269 U. S. 422, it was pointed out that under the Act of 1916 and applicable treasury regulations, the taxpayer must make all deductions from gross income as of the year when the pay-

ments were made unless he keeps his books on an accrual basis which accurately reflects his income, and actually made his return on that basis. See *United States* v. *Mitchell*, 271 U. S. 9; *American National Co.* v. *United States*, 274 U. S. 99. The present certificate fails to state whether the books of the trustee as kept reflected his income or whether his return was made on the accrual basis or on the basis of actual receipts and disbursements. Under Jud. Code § 239 the facts pertinent to the question asked must be certified. When they are omitted from the certificate the question need not be answered. *Dillon* v. *Strathearn S. S. Co.*, 248 U. S. 182.

> *Question No. 1. Answered, No.*
> *Question No. 2. Not answered.*