## ALUMINUM CASTINGS CO. v. ROUTZAHN, Collector of Internal Revenue.

Circuit Court of Appeals, Sixth Circuit. April 2, 1929.

No. 5134.

John T. Scott, of Cleveland, Ohio (M. B. & H. H. Johnson, of Cleveland, Ohio, on the brief), for plaintiff in error.

J. R. Wheeler, Sp. Atty., of Washington, D. C. (A. E. Bernsteen and Irene Nungesser, both of Cleveland, Ohio, and C. M. Charest, of Washington, D. C., on the brief), for defendant in error.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge. This is an action to recover incomes taxes paid under protest. In the years 1916 and 1917 plaintiff was engaged in the manufacture of aluminum, brass, and bronze castings, including certain munitions of war manufactured in 1916 and subject to the munitions tax. Title 3, Revenue Act 1916, 39 Stat. 780. Such munitions tax was not payable and was not paid until within the calendar year 1917. Section 12 (a) of the Revenue Act of 1916 (chapter 463, 39 Stat. 767–769) prescribed the method for ascertaining the net income of a corporation organized in the United States, by deducting from the gross amount of its income received within the year from all sources, first, all ordinary and necessary expenses paid within the year; second, all losses actually sustained and charged off within the year and not compensated by insurance or otherwise; third, the amount of interest paid within the year on its indebtedness, not exceeding the proportions fixed; and, fourth, taxes paid within the year. The method so outlined is usually referred to as the cash receipt and disbursement basis of return. Section 13 (d) of the same act (39 Stat. 771) further provided that a corporation keeping accounts upon any basis other than that of actual receipts and disbursements, unless such other basis does not clearly reflect its income, may, subject to regulations made by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, make its return upon the basis upon which its accounts are kept, in which case the tax shall be computed upon its income as so returned. This is ordinarily denominated a return upon the accrual basis.

In preparing its returns for income tax for the years 1916 and 1917, plaintiff declared therein that the return was made on the basis of actual receipts and disbursements, but included in its gross income from operations the increase in inventory value of stock on hand and accounts receivable as of the date of entry upon the books, without regard to whether such accounts were actually paid or not. In the deductions claimed, accounts payable were treated as expenditures as of the time of entry upon the books. Depreciation of buildings and equipment was likewise claimed. Other reserves appearing upon the books were not reflected in the re-

turn. Only such taxes as were actually paid during the year were deducted. The books of the corporation were kept upon the "accrual" basis, except that no reserve was set up during 1916 to cover the munitions tax, and the amount of this tax was not claimed as a deduction in the return for 1916, but was set up on the books in, and claimed as a deduction for, the year 1917, in which year it was actually paid. The Commissioner of Internal Revenue audited the returns for 1916 and 1917, disallowed the munitions tax as a deduction for the year 1917, and allocated the same to the year 1916 as properly attributable to that period. This transfer of the munitions tax as a deduction from the year 1917 to the year 1916 increased the taxes payable for said years by the sum of $166,910.90. The District Court found for the defendant. 24 F.(2d) 230. Plaintiff prosecutes error.

Since all facts are conceded, and only the conclusions to be drawn therefrom are contested, the ultimate and decisive question presented is whether the returns of plaintiff for the years 1916 and 1917 were on a strictly cash receipt and disbursement basis under section 12 (a), or upon some other basis under section 13 (d). As held by the District Court, we are of the opinion that the case is controlled by the decision of U. S. v. Anderson et al., 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347, which case was later cited and approved in U. S. v. Mitchell, 271 U. S. 9, 12, 46 S. Ct. 418 (70 L. Ed. 799), American National Co. v. U. S., 274 U. S. 99, 103, 47 S. Ct. 520 (71 L. Ed. 946), and Reinecke, Collector, v. Gardner, 277 U. S. 239, 244, 48 S. Ct. 472 (72 L. Ed. 866). These cases authoritatively establish "that, if the taxpayer keeps his books on any basis other than that of actual receipts and disbursements, and the return is made on the basis adopted, the tax shall be computed on that basis unless the books clearly do not reflect the taxpayer's true income." In fact, as said in U. S. v. Anderson, supra, page 440 of 269 U. S. (46 S. Ct. 134) the combined effect of sections 12 (a) and 13 (d) of the act of 1916 is "to require the tax return to be made on that basis, if the taxpayer failed or was unable to make the return on a strict receipts and disbursements basis."

Manifestly, the books of all corporations owning large properties and doing an extensive business must of necessity be kept upon other than a cash receipt and disbursement basis, if such books are to reflect the true financial condition of the company. A strict cash receipt and disbursement basis of accounting contemplates that only such receipts and disbursements as were in fact received or paid out during the calendar year shall enter into the return, not such credits or debits as may have been created, but not discharged. Such cash receipt and disbursement basis further contemplates that loss or gain shall enter into the return only for that calendar or fiscal year in which such loss or gain is definitely determined and actually suffered or realized, rather than accrued or reflected in decrease or increase in values. These principles lead inevitably to the conclusion that the items of increase in inventory value, of depreciation of buildings and equipment, and of accounts receivable and payable, are not upon the cash receipt and disbursement basis, and convert the return, at least pro tanto, to one upon some other basis, within the letter of section 13(d).

It is objected that prior to 1916 no other basis for return was recognized than that upon cash receipt and disbursement basis; that the internal revenue regulations then definitely recognized and established that differences in inventory value, accounts receivable and payable created during the year, and depreciation, were proper items for inclusion in a return upon the cash receipt and disbursement basis, and were recognized as cash items; that section 13 (d) did not vary this prior practice, but, the regulations and requirements of the department remaining unchanged, simply gave to the taxpayer the option of making its return upon an accrual basis; that these items thus continued and remained proper "cash items" in a receipt and disbursement return, unless the taxpayer had elected to make return upon some other basis; and that this plaintiff has definitely refused to so exercise such option.

These contentions are likewise answered by the case of United States v. Anderson, supra, at pages 439, 440 of 269 U. S. (46 S. Ct. 131). The difficulty, if not the utter impossibility, of preparing a return upon a strict basis of receipts and disbursements in most cases constituted at once the reason and necessity for the enactment of section 13 (d). The mere fact that by the prior law a return upon the basis of receipts and disbursements was alone recognized and required, and the fact that, for reasons of necessity and expediency and in order that the return might truly reflect the income of the taxpayer, the department was driven to permit and require the use of accrual items in then making such returns, do not irrevocably classify such items as actual receipts and disbursements or preclude return to and application of cor-

rect definition when the machinery therefor is provided.

We therefore hold that the court below did not err in its conclusion that the returns of plaintiff for the years 1916 and 1917 were made upon the accrual basis. If this be considered a finding of fact, as treated by the lower court, there was ample evidence to support such finding and this court is bound thereby. If considered as presenting a question of law, or a mixed question of law and fact, no error is apparent. It is conceded that the books were kept upon an accrual basis, at least in substantial measure. Where the books are so kept and the return so made, the decision of U. S. v. Anderson and the other authorities cited are conclusive upon the issue that the Commissioner of Internal Revenue was right in allocating the munitions tax to the return of 1916, and in eliminating it as a deduction in the return of 1917. Whether adjustments should also have been made for other accruals and reserves appearing upon the books, but not carried into the return, is a question not here and now presented.

The judgment is affirmed.