**In re DAVIS STANDARD BREAD CO.**

**No. 36845–BH.**

District Court, S. D. California,
Central Division.

Dec. 4, 1941.

Order Affirmed Nov. 10, 1942.

Frank C. Weller and Wm. E. Woodroof, both of Los Angeles, Cal., for trustee.

E. R. Young and E. L. Searle, both of Los Angeles, Cal., for debtor.

Craig & Weller, of Los Angeles, Cal., for creditors.

HARRISON, District Judge.

The petition for review presents three questions:

1. Is the trustee in bankruptcy required to procure a permit from the State Board of Equalization before he can sell assets of a bankrupt estate to purchasers for use or consumption?

2. Is such trustee liable for a sales tax on all such personal property so sold?

3. Has the referee power to enjoin a state officer in the enforcement of a state statute?

Heretofore Judge McCormick of this court in Matter of California Pea Products, Inc., a Corporation, 37 F.Supp. 658, in a well considered opinion answered the first two questions in the negative and the third question in the affirmative. I concur in his conclusions, consequently, there is no occasion for me to cover the same ground covered by him.

However, I feel certain features of his opinion should be amplified.

The sales tax is imposed upon retailers for the privilege of selling tangible personal property at retail. It is therefore a tax for the privilege of selling and while the act contemplates the tax shall be passed on to the consumer, at the same time the retailer is the one that is liable therefor. Western Lithograph Co. v. State Board of Equalization, 11 Cal.2d 156, 78 P.2d 731, 117 A.L.R. 838. In other words, the State Board of Equalization seeks to enforce upon the trustee of a bankrupt estate the necessity of obtaining a license from the State of California in

order that he may perform his mandatory duties under the Bankruptcy Act, 11 U.S. C.A. § 1 et seq., and as a further privilege of the continuance of the performance of his duties, to pay a sales tax to said Board.

In State of Oklahoma v. Texas, 266 U. S. 298, 301, 45 S.Ct. 101, 102, 69 L.Ed. 296, the Court said: "* * * In all that the receiver has done he has been the court's agent and representative. In operating the oil wells in the area in dispute, he was not engaged in a business or pursuing an occupation in the ordinary acceptation of those terms, but as an officer of the court was conserving the property within that area for the benefit of those to whom it ultimately might prove to belong. The state recognizes that all this is true, and so does not seek to subject the receiver to the taxes described, but only to have them paid out of the proceeds of the oil production which are in his hands and ready to be paid over to those for whose ultimate benefit the wells have been operated."

It seems clear to me that a trustee cannot be classified as a retailer, nor can he be classified as one engaged in the business of selling personal property at retail under the above authority.

Furthermore, the Act further provides, in substance, that any person, firm, partnership, corporation, etc., engaged in the business of selling tangible personal property at retail is subject to the tax. (Stat.Cal. 1933, p. 2599, as amended.) No provision is made for the payment of said tax by trustees in bankruptcy.

In the case of Reinecke v. Gardner, 277 U.S. 239, 241, 48 S.Ct. 472, 473, 72 L.Ed. 866, I find the following language used: "As under the Bankruptcy Act * * * the entire property of the bankrupt vested in the trustee, the income in question was not the income of the bankrupt corporation, but of the trustee, and was subject to income and excess profits tax only if the statutes authorized the assessment of the tax against him." And again at page 242 of 277 U.S., at page 473 of 48 S.Ct., 72 L.Ed. 866, the Court stated: "* * * A tax imposed on corporations alone does not extend to a trustee in bankruptcy of a corporation. See United States v. Whitridge, 231 U.S. 144, 34 S.Ct. 24, 58 L.Ed.

159; Scott v. Western Pacific Ry., [9 Cir.], 246 F. 545; compare Smietanka v. First Trust & Savings Bank, 257 U.S. 602, 42 S.Ct. 223, 66 L.Ed. 391."

In adopting 28 U.S.C.A. § 124a, it would appear that Congress provided for the payment of state taxes when the trustee conducts the business of the bankrupt to clarify the liability of trustees for the payment of taxes, and by implication excluded the collection of additional taxes as herein attempted. 25 R.C.L. 981–3; Scott v. Western P. Ry., 9 Cir., 246 F. 545.

Certainly the bankruptcy courts do not have to seek permission from the State of California in order to function in this state, nor pay a tax for so functioning. The state not only demands that the bankruptcy court pay for a permit to sell the assets of a bankrupt estate, but to pay 3% of the sales to the user or consumer of such articles sold. The bankruptcy court is not concerned whether the purchaser is a user or consumer or whether he is buying said personal property for resale. The state seeks to place the additional duty upon the trustee of ascertaining the future use of said personal property.

If a trustee must pay a tax to the State of California for the privilege of selling assets of a bankrupt estate, then he must also pay to the City of Los Angeles its license fee for the same privilege. If he is "doing business" within the purview of the state law, he is by the same reasoning "doing business" under the licensing ordinance of the City of Los Angeles. To so hold would be a substantial surrender of the exclusive jurisdiction of the bankruptcy courts.

In arriving at my conclusions, I am not unmindful of the present trend of judicial decisions in their broadening of the base for sales tax purposes as reflected in Bigsby v. Johnson, 18 Cal.2d 860, 118 P.2d 289, and State of Alabama v. King & Boozer, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3, 140 A.L.R. 615, decided by the Supreme Court of the United States on November 10, 1941.

The said order of the Referee is hereby confirmed and the attorney for the trustee is directed to forthwith submit the necessary order for my signature.