### 415 SOUTH TAYLOR BUILDING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108685.   Promulgated June 22, 1943.

*Sylvanus George Lee, Esq.*, for the petitioner.
*David Altman, Esq.*, and *Charles J. Munz, Jr., Esq.*, for the respondent.

## OPINION.

TURNER. *Judge:* The principal question here is whether or not the income realized from the operation of the apartment building at 415 South Taylor Avenue. Oak Park Illinois. during the year 1935 was the income of the petitioner within the meaning of the Revenue Act of 1934. There is no question, and the parties so agree, that the

petitioner was and remained the same corporate entity before. during, and after the reorganization proceedings. At or shortly after its organization in 1933 the petitioner acquired the apartment property which produced the income here in question and, except for a period during which Skillin held the property as trustee in the reorganization proceedings under section 77B of the Bankruptcy Act, 48 Stat. 912, has continued as the owner and possessor of the said property. It is the contention of the petitioner that there is and was no legal requirement upon it to make an income tax return for 1935 and to pay the tax thereon; that the claim for income tax for that period must have been asserted in the reorganization proceedings; that the claim is and was a claim against the trustee and not a claim against the petitioner; and that, no claim for the said taxes having been made by the respondent prior to entry by the court of the order discharging the trustee and closing the proceedings, allowance of any claim for the said taxes was thereafter barred.

The respondent, to the contrary, contends that the pendency of the reorganization proceedings under section 77B. *supra*, and the appointment of the trustee to operate petitioner's business did not relieve petitioner of primary liability for the tax.

Extensive briefs have been filed and numerous authorities have been cited, particularly by the petitioner, as support for their contentions. Most of the cases cited, however, have to do with claims existing at the time bankruptcy proceedings were instituted and do not cover or relate to liability for tax on income realized from the operation of the property during the tenure of the trustee. Much of the discussion and argument for that reason tends to confuse rather than aid in the disposition of the question here.

In section 52 of the Revenue Act of 1934 [1] it is provided that income tax returns of corporations, the property of which is being operated by receivers, trustees in bankruptcy, or assignees, shall be made by such receivers, trustees, or assignees in the same manner and form as corporations are required to make returns and that any tax due on the basis of such returns shall be collected in the same manner as if from a corporation still having custody and control of its business or prop-

---

[1] SEC. 52. CORPORATION RETURNS.

Every corporation subject to taxation under this title shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. The return shall be sworn to by the president, vice president, or other principal officer and by the treasurer, assistant treasurer, or chief accounting officer. In cases where receivers, trustees in bankruptcy, or assignees are operating the poperty or business of coporations, such receivers, trustees, or assignees shall make returns for such corporations in the same manner and form as corporations are required to make returns. Any tax due on the oasis of such returns made by receivers, trustees, or assignees shall be collected in the same manner as if collected from the corporations of whose business or property they have custody and control.

erty. Section 312 of the act [2] provides that any person acting in a fiduciary capacity shall upon notice to the Commissioner assume the powers, rights, duties, and privileges of the taxpayer until notice is given that the fiduciary capacity has terminated. This latter provision first appeared in the Revenue Act of 1926 as section 281. Explaining this new provision, the Senate Finance Committee advised the Senate that receivers and trustees in bankruptcy were among the fiduciaries specifically in mind.[3] It would seem therefore that Congress intended to eliminate any and all doubt that a trustee in bankruptcy should stand during his trusteeship in the place of the bankrupt in so far as the powers, rights, duties, and privileges of the bankrupt with respect to the reporting and paying of Federal income tax should be concerned. Respondent argues, however, citing *Corliss* v. *Bowers*, 281 U. S. 376; *Lucas* v. *Earl*, 281 U. S. 111; *Helvering* v. *Horst*, 311 U. S. 112; and *Helvering* v. *Eubank*. 311 U. S. 122, that the petitioner was at all times the real and beneficial owner of the income involved and the party receiving the economic benefit therefrom; that a trustee in reorganization proceedings in reality and in law only stands in the place and stead of the corporate officers and, "fiduciary capacity" of the trustee in the instant case having been terminated prior to the final date fixed by the statute for the filing of the 1935 income tax return and without such return having been filed, the duty of making the return and of paying the tax thereunder merely shifted from the trustee to the officers of the corporation. In short, it is said that the income throughout and the liability for tax thereon was at all times primarily that of the petitioner corporation.

The argument advanced by the respondent is very persuasive, and in section 271 of the Chandler Act, the current statute dealing with reorganizations such as we have here, it is provided that "all taxes which may become owing to the United States or any State from a receiver or trustee of a debtor * * * shall be assessed against, may be collected from and shall be paid by the debtor or the corporation organized or made use of for effectuating a plan under this

---

[2] SEC. 312. NOTICE OF FIDUCIARY RELATIONSHIP.

(a) FIDUCIARY OF TAXPAYER.—Upon notice to the Commissioner that any person is acting in a fiduciary capacity such fiduciary shall assume the powers, rights, duties, and privileges of the taxpayer in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of the taxpayer), until notice is given that the fiduciary capacity has terminated.

(b) FIDUCIARY OF TRANSFEREE.—Upon notice to the Commissioner that any person is acting in a fiduciary capacity for a person subject to the liability specified in section 311, the fiduciary shall assume, on behalf of such person, the powers, rights, duties, and privileges of such person under such section (except that the liability shall be collected from the estate of such person), until notice is given that the fiduciary capacity has terminated.

(c) MANNER OF NOTICE.—Notice under subsection (a) or (b) shall be given in accordance with regulations prescribed by the Commissioner with the approval of the Secretary.

[3] Report of Senate Finance Committee on the Internal Revenue Bill of 1926, p. 30.

chapter." The Chandler Act, however, was not enacted until 1938 and was not made retroactive. The result here therefore is controlled by the statute as it existed previously, and section 77B, *supra*, under which the trustee herein held and operated the property in question, contained no such provision.

In subsection (c) of section 77B, *supra*, under which the trustee herein was appointed and from which he derived his powers, it is provided that "every such trustee, upon filing such bond, shall have all the title and shall exercise, subject to the control of the judge and consistently with the provisions of this section, all the powers of a trustee appointed pursuant to section 44 of this Act, and if authorized by the judge, the same powers as those exercised by a receiver in equity to the extent consistent with this section, and, subject to the authorization and control of the judge, the power to operate the business of the debtor during such period, fixed or indefinite, as the judge may from time to time prescribe." In section 70 of the Bankruptcy Act in force and effect during the period here under consideration (sec. 110, ch. 7, title 11, U. S. C. A.), it is provided in part as follows:

The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in-so far as it is to property which is exempt * * *

In *Reinecke* v. *Gardner*, 277 U. S. 239, the Supreme Court had occasion to consider and pass upon the liability for income and excess profits taxes under the Revenue Act of 1917 of a trustee in bankruptcy in respect of income derived from the operation of the coal mining properties of the bankrupt. The Court there said:

As under the Bankruptcy Act (11 USCA) the entire property of the bankrupt vested in the trustee, the income in question was not the income of the bankrupt corporation but of the trustee, and was subject to income and excess profits tax only if the statutes authorized the assessment of the tax against him. * * *

It is our opinion therefore that the question here in dispute is not an open question, and we conclude and hold, on authority of *Reinecke* v. *Gardner*, *supra*, that the primary liability for the tax on the income derived in 1935 from the operation of the apartment property at 415 South Taylor Avenue, Oak Park, Illinois, was that of the trustee and not that of the petitioner. Compare *H. W. Clark Co.*, 1 T. C. 891, and *United Shipyards, Inc.* v. *Hoey*, 131 Fed. (2d) 525, wherein no trustee was appointed but the debtor corporation remained in possession of its property and business and it was held that the said debtor corporation was liable to excess profits tax and capital stock tax respectively.

We do not consider or decide the contention of the petitioner that, by reason of the respondent's failure to make claim for the tax in

question in the reorganization proceedings, the order closing the said proceedings and discharging the trustee operates as a bar to any subsequent collection of the said tax from the petitioner. That question would be inherent in a proceeding against the petitioner as transferee, and we do not have a transferee proceeding here. For similar reasons, we do not consider or decide any question relating to the liability of the trustee for the tax under section 3467 of the Revised Statutes because of his failure to pay or to make provisions for the tax prior to his discharge and the transfer of the fiduciary estate to the petitioner.

In the light of the above conclusions it necessarily follows that the respondent's determination of a 25 percent addition to tax because of failure on the part of petitioner to file a return of the above income was also in error.

*Decision will be entered for the petitioner.*