In re SAPPHIRE STEAMSHIP LINES, INC., Debtor,

INTERNAL REVENUE SERVICE, Plaintiff-Appellant,

v.

TRUSTEE, SAPPHIRE STEAMSHIP LINES, INC., Defendant-Appellee.

No. 84 Civ. 2959 (RWS).

United States District Court, S.D. New York.

Nov. 1, 1984.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by Alan Nisselson, Asst. U.S. Atty., New York City, for plaintiff-appellant.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendant-appellee; Robert Anthoine, Rebecca S. Rudnick, New York City, of counsel.

## OPINION

SWEET, District Judge.

This is an appeal by the Internal Revenue Service ("IRS") from a decision of the United States Bankruptcy Court for the Southern District of New York disallowing the IRS's claim against the trustee ("Trustee") of Sapphire Steamship Lines, Inc. ("Sapphire") for penalties and interest for the non-payment of estimated corporate income taxes. The decision of the Bankruptcy Court is reversed, and the IRS's claim for $21,572.05 for nonpayment of estimated income taxes and resulting penalties in tax years 1978, 1979, 1981, and 1982 is reinstated.

**Prior Proceedings**

Sapphire filed a voluntary petition under Chapter XI of the Bankruptcy Act, 11 U.S.C. §§ 701 *et seq.*, now repealed, on March 13, 1967. On April 28, 1967, a trustee was appointed whose function has been to administer the liquidation and distribution of the estate and to object to the allowance of claims that he considered improper.

On August 22, 1983, the IRS filed a request for payment of Internal Revenue Taxes with the Bankruptcy Court, claiming $67,735.93 in penalties based upon the Trustee's failure to pay federal estimated corporate income taxes for the tax years 1975, 1976, 1978, 1979, 1981 and 1982, the Trustee having paid the taxes for a given year only on or before April 15 of the following year. In a March 9, 1984 decision the Bankruptcy Court held that the Trustee was not obligated to pay federal estimated corporate income taxes and therefore expunged the IRS's claim. By stipulation filed June 15, 1984, the parties have agreed that the IRS's claim for the amount due for the Trustee's failure to pay estimated income tax is $21,572.05 for tax years 1978, 1979, 1980 and 1982, instead of $67,735.93 for tax years 1975, 1976, 1978, 1979, 1981, and 1982.

The facts surrounding this dispute are not contested. For tax years 1974 to the present, Sapphire has earned passive income in the form of interest and settlement of lawsuits. In January 1979 the IRS notified the Trustee of a failure to pay estimated taxes for tax year 1978. The Trustee maintained that the Internal Revenue Code did not require such payments and continued to refuse to pay estimated corporate income tax. The IRS now claims that $21,577.05 is due as a consequence.

**The Issue**

The issue that must be resolved was elegently argued by skilled counsel and may be stated simply:

Is a non-operating trustee of a bankrupt corporation liable for the payment of estimated corporate income taxes pursuant to 26 U.S.C. § 6154 and penalties for failure to pay estimated income tax pursuant to 26 U.S.C. § 6655.

**The Statutory Overview**

A determination of the responsibilities of a non-operating trustee must begin with an examination of the statutory scheme defined in the Internal Revenue Code itself. *In Re I.J. Knight Realty Corp.*, 501 F.2d 62 (3d Cir.1974). Subtitle F of the Code defines the procedure and administration of the payment of taxes mandated by the Code. Within Subtitle F, Chapter 61, Part II, Subparts A and B define who must file income tax returns. Also within Subtitle F, Chapter 62, Subchapter A defines the time and place for paying taxes.

26 U.S.C. § 6012(b)(3), within subpart B of Chapter 61 states:

(b) Returns made by fiduciaries and receivers.—

\*    \*    \*    \*    \*    \*

(3) Receivers, trustees and assignees for corporations.—In a case where a receiver, trustee in bankruptcy, or assignee, by order of a court of competent jurisdiction, by operation of law or otherwise, has possession of or holds title to all or substantially all the property or business of a corporation, whether or not such property or business is being operated, such receiver, trustee, or assignee shall make the return of income for such corporation in the same manner and form as corporations are required to make such returns.

26 U.S.C. §§ 6151 and 6154, within subchapter A of Chapter 62 state:

**§ 6151.   Time and place for paying tax shown on returns**

(a) **General rule.** Except as otherwise provided in this subchapter, when a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice and demand from the Secretary, pay such tax to the internal revenue officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return (determined without regard to any extension of time for filing the return).

**§ 6154.   Installment payments of estimated income tax by corporations**

(a) **Corporations required to pay estimated income tax.** Every corporation subject to taxation under section 11 or 1201(a), or subchapter L of chapter 1 (relating to insurance companies), shall make payments of estimated tax (as defined in subsection (c)) during its taxable year as provided in subsection (b) if its estimated tax for such taxable year can reasonably be expected to be $40 or more.

As a result of the obligation imposed by § 6151, the Trustee has filed Form 1120 annually with the IRS, the same form filed by all corporations paying taxes at the rate stipulated in 26 U.S.C. § 11.

According to the IRS, the unambiguous language of §§ 6154 and 6012(b)(3) requires a trustee of a corporation in bankruptcy to pay estimated taxes pursuant to § 6154 just as the trustee is required to pay taxes annually pursuant to § 6151. On the other hand, the Trustee notes that while § 6012(b)(3) specifically obligates a trustee to make a return of income in the same manner and form as corporations, § 6154 nowhere specifically mentions trustees in bankruptcy, nor does the legislative history of § 6154 contain a specific Congressional intention to include trustees in bankruptcy among those covered by § 6154.

**Conclusions**

The initial question that must be addressed is the appropriate standard of review for this court to use in its analysis. The IRS and the Trustee have proposed that I rely on differing, but co-existing lines of authority. The IRS suggests that the test is one of reasonableness: only if the IRS's interpretation of the Code is unreasonable in light of existing authorities should this court disturb the IRS's interpretation. Indeed, the Supreme Court has stated that:

[w]hen faced with a problem of statutory construction, this Court shows great deference to the interpretation given the statute by the officers or agency charged

with its administration. "To sustain the Commission's application of this statutory term, we need not find that its construction is the only reasonable one, or even that it is the result we would have reached had the question arisen in the first instance in judicial proceedings." *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965), *quoting Unemployment Comm'n v. Aragon,* 329 U.S. 143, 153, 67 S.Ct. 245, 250, 91 L.Ed. 136 (1946).

More recently, and directly related to IRS authority, the Supreme Court held:

[E]ver since the inception of the tax code, Congress has seen fit to vest in those administering the tax laws very broad authority to interpret those laws. In an area as complex as the tax system, the agency Congress vests with administrative responsibility must be able to exercise its authority to meet changing conditions and new problems. Indeed as early as 1918, Congress expressly authorized the Commissioner "to make all needful rules and regulations for the enforcement" of the tax laws. Revenue Act of 1918, ch. 18, § 1309, 40 Stat. 1057, 1143 (1919). The same provision, os essential to efficient and fair administration of the tax laws, has appeared in tax codes ever since, see 26 U.S.C. § 7805(a) and (1976); and this Court has long recognized the primary authority of the IRS and its predecessors in construing the Internal Revenue Code, *see, e.g., Commissioner v. Portland Cement Co.,* 450 U.S. 156, 169 [101 S.Ct. 1037, 1045, 67 L.Ed.2d 140] (1981); *United States v. Correll,* 389 U.S. 299, 306–307 [88 S.Ct. 445, 449–450, 19 L.Ed.2d 537] (1967); *Boske v. Comingore,* 177 U.S. 459, 469–470 [20 S.Ct. 701, 705–706, 44 L.Ed. 846] (1900).

*Bob Jones University v. United States,* 461 U.S. 574, 103 S.Ct. 2017, 2031, 76 L.Ed.2d 157 (1983).

According to the Trustee, the courts may not extend the application of a tax provision to a specific taxpayer where there is substantial doubt and ambiguity about the reach of the provision and it is appropriate to resolve any doubt in favor of the taxpayer.

In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the Government, and in favor of the citizen.

*Gould v. Gould,* 245 U.S. 151, 153, 38 S.Ct. 53, 62 L.Ed. 211 (1917). *See also Greyhound Corporation v. United States,* 495 F.2d 863, 869 (9th Cir.1974).

The appropriate standard of review cannot be determined without confronting the ultimate issue: if the case involves the extension of § 6154 by implication, beyond the clear import of the statutory language, then the burden on the IRS is great. If, on the other hand, as the IRS suggests, the straightforward application of the statutory language leads to the interpretation urged by the IRS, then a reasonableness standard is appropriate.

█ I conclude, "presum[ing] that the legislative authority uses words in their ordinary sense and with the meanings commonly attributed to them," *Greyhound, supra,* at 869, that the statutory provisions require non-operating trustees of corporations in bankruptcy to comply with § 6154, that the reasonableness standard applies, and the IRS interpretation is therefore adopted.

Section 6154, *supra,* requires any corporation subject to taxation under § 11 to pay estimated tax if it can reasonably be expected that the annual tax will exceed $40. Section 11 imposes a tax on every corporation, with three specifically defined exceptions, none of which is alleged to be applicable here. Finally, section 6012(b)(3) requires the non-operating trustee of a bankrupt corporation to make the return of income for such a corporation "in the same manner and form as corporations are required to make such returns." § 6012(b)(3), *supra.*

The various subchapters of the tax code must be read in *pari materia*. Subpart B of Chapter 61's definition of persons responsible for filing returns extends to subchapter A of Chapter 62. Consequently, I conclude that § 6012(b)(3)'s requirement that the Trustee file a return of income as other corporations applies to § 6154's requirement that all corporations subject to taxation under § 11 pay estimated income tax. Section 6012(b)(3)'s specific inclusion of trustees of corporations in bankruptcy among those responsible for filing returns of income is not to be contrasted with § 6154's general obligation extending to all corporations. Rather, the role of Chapter 61, within which § 6012(b)(3) falls, in defining specifically who is responsible for filing returns, must be read in conjunction with Chapter 62's specific definition of the time and place for paying taxes. The requirement, in Chapter 61 § 6012(b)(3), that a trustee of a corporation in bankruptcy file a return of income as other corporations do therefore eliminates the necessity that Chapter 62 § 6154 specifically include trustees of corporations in bankruptcy. Having imposed on trustees in bankruptcy in Chapter 61 the general obligation to file returns as all corporations do, it was sufficient to leave § 6154's requirement as applicable to corporations generally.

A similar conclusion was reached by the Third Circuit when analyzing the relationship between §§ 6012(b)(3) and 6151. *In Re I.J. Knight Realty Corp., supra.* In that case the taxpayers argued that § 6012(b)(3)'s obligation that a non-operating trustee of a bankrupt corporation file a return of income as other corporations do differed significantly from § 6151's requirement of payment of taxes due. The court held that the "[t]axpayer's expositional odyssey" ignored the underlying relationship between the sections. Only by reading the sections in conjunction and by recognizing the intended relationship of the subchapters within which the sections fall could the meaning of the sections be understood. *Id.* at 65.

The Trustee convinced the Bankruptcy Court that the specific inclusion of non-operating trustees of bankrupt corporations in § 6012(b)(3) and the failure of § 6154 to mention trustees indicates that the estimated tax required by § 6154 does not extend to non-operating trustees of bankrupt corporations. Both the Trustee and the Bankruptcy Court rely heavily on *Reinecke v. Gardner*, 277 U.S. 239, 48 S.Ct. 472, 72 L.Ed. 866 (1928) for the assertion that the obligation imposed on "corporations" in § 6154 does not extend to non-operating trustees of bankrupt corporation. I read *Reinecke*, however, to indicate that a contrary result is required in the facts of this case. In *Reinecke* the Court held:

The Revenue Act of 1916, c. 463, 39 Stat. 756, and the War Revenue Act of 1917, c. 63, 40 Stat. 300, imposed income and excess profits taxes on individuals, partnerships and corporations, but neither in terms mentioned trustees in bankruptcy as taxable persons. But § 13(c) of the Act of 1916 required trustees in bankruptcy of corporations subject to the income tax to make returns of net income, and provided that "any income tax due on the basis of such returns ... shall be assessed and collected in the same manner as if assessed directly against the" corporation. This section, as appellee concedes, by its terms extends the tax imposed by § 10 of the Act of 1916 to income received by trustees in bankruptcy of corporations. *See United States v. Chicago & Eastern Ill. Ry.*, 298 Fed. 779.

In the next year § 4 of Title I of the Act of 1917 imposed an income tax of 4% "in addition to the tax imposed" by § 10 of the Act of 1916 as then amended on the same subjects taxed by § 10, and provided that "the tax imposed by this section shall be computed, levied, assessed, collected, and paid upon the same incomes and in the same manner as the tax" imposed by § 10. The respondent was thus subjected to the additional income tax of the later act.

The case is different with respect to the excess profits tax. That tax was

imposed by Title II of the Act of 1917 on corporations, partnerships and individuals engaged in trade or business. The Title made no mention of executors, receivers, trustees or persons acting in a fiduciary capacity, and contained no language corresponding to the quoted provision of Title I, § 4, extending the additional income tax to "the same incomes" taxes by § 10 of the Act of 1916. A tax imposed on corporations alone does not extend to a trustee in bankruptcy of a corporation.

*Reinecke, supra,* 277 U.S. at 241–42, 48 S.Ct. at 473.

The Court in *Reinecke* held that the 1916 statute and Title I of the 1917 statute, which included provisions nearly identical to § 6012(b)(3), resulted in the imposition of the corporate tax on trustees in bankruptcy even though neither mentioned trustees in bankruptcy as taxable persons. Title II of the 1917 Act, the excess profits tax, did not extend to trustees in bankruptcy *because* a clause equivalent to § 6012(b)(3) was not included in that Title.

The facts in this case are more nearly similar to those of the 1916 Act and Title I of the 1917 Act. Section 6012(b)(3) is part of the same subtitle as section 6154; the two provisions are in chapters meant to be interpreted jointly; and, as indicated in *In Re Knight, supra,* § 6012 has already been held necessary to a proper interpretation of § 6151, a section in the same subchapter as § 6154. Interpretation of the provision at issue in this case, therefore, is governed by the Court's holdings with respect to the 1916 Act and Title I of the 1917 Act. A clause stating that trustees are to make returns in the same manner and form as corporations is an integral part of the statute being interpreted, and the general obligation imposed on corporations by § 6154 therefore extends to trustees in bankruptcy.

The Trustee and Bankruptcy Court also rely upon the legislative history of § 6154 to establish that the purposes of the Act would not have been aided by extending the application of § 6154 to trustees of bankrupt corporations. Although language in the Senate Report accompanying § 6154 as initially enacted indicate a desire to burden only larger, more liquid corporations with the necessity of paying quarterly estimated income tax, *see U.S. Code Cong. & Admin. News* (1954) at 4771, the amendment of § 6154 to reach corporations whose annual expected income tax will equal or exceed $40.00 indicates that the goal of burdening only larger corporations was not paramount to the Congress. Moreover, more specific Congressional guidance would be necessary before a court could carve out an exception to a tax statute which otherwise extends to a class of taxpayers. The Court in *In Re I.J. Knight* stated:

> However great the temptation, it is hardly our province to expand or contract the terms of a taxing statute to comport with what may seem to some to be salutary policy principles, absent a clearer statutory expression of such principles ... where Congress has intended to exempt a particular class of persons from the obligation to pay income taxes, it has done so explicitly in the Code.

*In Re Knight, supra,* at 67.

Indeed, 26 U.S.C. § 6015(i) specifically exempts trusts and estates from the necessity of declaring estimated individual income tax. Where Congress has included such specific exemptions from estimated taxes, the statements of policy included in the Senate Report are not a sufficient support for exempting an entire class of tax payers specifically where the statute otherwise indicates that the taxpayers are covered.

Having concluded that § 6154 extends to non-operating trustees of bankrupt corporations, I also find that 26 U.S.C. § 6655's provisions imposing a penalty for delayed payment of estimated corporate income taxes also apply despite the successful argument of the Trustee to the Bankruptcy Court to the contrary. For the same reasons that I found § 6154 to apply to trustees of corporations in bankruptcy, I find § 6655 to apply.

## Conclusion

For the reasons set forth above, the judgment of the Bankruptcy Court is reversed, and the IRS claim for $21,572.05 for penalties for the Trustee's failure to pay estimated income tax is allowed.

IT IS SO ORDERED.