**In re E. Wayne GOFF and Gloria J. Goff, Debtors.**

**Bankruptcy No. 1–80–00094.**

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

Nov. 12, 1985.

See also, 5 Cir., 706 F.2d 574.

William C. Davidson, Jr., Austin, Tex., for debtors.

Alvis, Carssow & von Kreisler, Austin, Tex., for trustee.

Adrian M. Overstreet, Austin, Tex., for the Creditors' Committee.

## MEMORANDUM OPINION

JOSEPH C. ELLIOTT, Chief Judge.

■ This matter arises upon the Motion to Determine Tax Liability filed on behalf of the Trustee in this case. The issue presented is whether the estate of the Debtors, who are individuals and not corporations, is subject to federal income tax for the years 1980–1983, inclusive. The parties, who are the Trustee and the Internal Revenue Service, have agreed that the facts are not in dispute and that the question is one solely of law. The Motion came on for hearing before this Court on September 12, 1985. Based on the arguments of counsel presented at that hearing and in their briefs, the Court holds that the estate of the Debtors, created by the filing of a petition under Chapter 7 on March 20, 1980, is subject to federal income tax liability on income received by the Trustee during the pendency of the bankruptcy case.

### FACTS

As stated above, the facts are not in dispute. E. Wayne Goff and Gloria J. Goff filed their petition under Chapter 7 on March 20, 1980. Mr. Vince Taylor was appointed Trustee under Chapter 7 and, as such, was charged with liquidation of the estate of the Debtors, as defined in § 541 of Title 11, U.S.C. At no time did Trustee operate the business of the Debtors. Pursuant to his duties under the Bankruptcy Code, the Trustee marshalled the assets of the estate and liquidated them, and in the process thereof the estate realized income as defined in I.R.C. § 61 (1954). The Trustee filed U.S. Fiduciary Tax Returns each year for the years 1980–1983, during which time the bankruptcy case was pending. He reported taxes due in the amount of $886.71 for the year 1980, $16,992.42 for 1982, and $0 for the years 1981 and 1983. On October 26, 1984, the Trustee applied for, and thereafter received, an Order from this Court authorizing payment of the $16,-992.42 tax to the Internal Revenue Service for the year 1982. No Order authorizing payment of the $886.71 tax for the year 1980 was ever sought or entered.

## DISCUSSION AND CONCLUSIONS OF LAW

At the outset, the Court notes the fact that the Trustee sought and received permission from the Court to pay the taxes alleged to be owing for the year 1982 in the amount of $16,992.42. While he submitted with the returns for the years 1980 and 1982 a statement explaining his late filings, in which he alluded to the unclear state of the law as to the estate's liability for federal income tax, the Trustee has failed to plead that the monies already paid to the Internal Revenue Service were paid by mistake of law. Although the Trustee may, therefore, be precluded from disputing the estate's liability for the year 1982, it is unnecessary to decide this issue as the Court holds here that the estate is liable for all the years in question.

■ The issue raised herein is of limited relevance. The question arises only in bankruptcy cases filed before March 25, 1980, and this decision applies only to those cases. This is because, as the parties concede, the Bankruptcy Tax Act of 1980 does not apply to those cases. *See* I.R.C. § 1398 (1980). The Act explicitly provides that individual bankruptcy estates are subject to federal income tax. *Id.* Consistent with the Act and its treatment of bankruptcy estates in cases filed after March 25, 1980, the Court holds here that the estates of individuals in bankruptcy, in cases filed before March 25, 1980, are liable for federal income tax.

Whether the bankruptcy estate of these individual Debtors is a tax paying entity requires an analysis of the relevant provisions of the Internal Revenue Code as they read on March 20, 1980, the date Debtors filed their Chapter 7 case. The arguments of the parties show a split of authority among the Courts as to what such an analysis reveals. This Court is of the opinion that the better reasoned and more compelling authority is that cited by the Internal Revenue Service.

Section 1(e) of the Internal Revenue Code imposes a tax "on the taxable income of every estate and trust taxable under this subsection." I.R.C. § 1(e) (1954) (amended 1978). To determine whether the individual estate in bankruptcy is among the estates "taxable under this subsection", one must look beyond § 1(e) to § 641 of the Code. That section provides, in pertinent part:

(a) Application of tax—The tax imposed by section 1(e) shall apply to the taxable income of estates or of any kind of property held in trust, including—

(1) income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

(2) income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

(3) income received by estates of deceased persons during the period of administration or settlement of the estate; and

(4) income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

I.R.C. § 641(a) (1954) (amended 1977).

It is undisputed that this case is not within any of the specifically described examples set forth in § 641(a). The question then is whether Congress' failure to expressly list in § 641(a) the individual estate in bankruptcy means that such is exempted from the general language of § 641(a), applying the tax to "the taxable income of estates".

The Court agrees with the I.R.S. that the starting point in this inquiry is to place the burden with the Trustee to show that this estate is not covered by § 641(a). The provision on its face applies to "estates". The Trustee argues that because this kind of estate is not expressly mentioned in § 641(a), the burden is on the government to show that it is covered by the section. In support, the Trustee cites the cases of *Eidman v. Martinez*, 184 U.S. 578, 22 S.Ct. 515, 46 L.Ed. 697 (1902) and *Reinecke v.*

*Gardner,* 277 U.S. 239, 48 S.Ct. 472, 72 L.Ed. 866 (1928) for the propositions that tax statutes should be construed against the government and that extension of a tax by implication is not favored.

These authorities are not persuasive in this case. The *Eidman* case involved the interpretation and application of an inheritance tax; the *Reinecke* case, a war profits tax. This Court finds, instead, that the guideline enunciated by the Supreme Court in *Bingler v. Johnson* that "exemptions from taxation are to be construed narrowly", applies in this case. *See Bingler v. Johnson,* 394 U.S. 741, 752, 89 S.Ct. 1439, 1445–46, 22 L.Ed.2d 695 (1969). That case involved the construction of the Internal Revenue Code of 1954, the statute at issue here, and, moreover, is more recent decisional authority than either *Eidman* or *Reinecke.*

With this perspective, the Court turns to the Trustee's argument. The Trustee points to I.R.C. § 6012 as further evidence that a bankruptcy estate of an individual is not a taxable entity. That section requires the filing of returns by, *inter alia,* "every estate, the gross income of which for the taxable year is $600 or more", and that "returns of an estate ... shall be made by the fiduciary thereof." I.R.C. § 6012(a)(3) and (b)(4) (1954). In addition, § 6012(b)(3) provides that:

> trustees in a case under Title 11 of the United States Code [with] possession of the property or business of a corporation, whether or not the property or business is being operated, shall make the return in the same manner as the corporation is required to make.

I.R.C. § 6012(b)(3) (1954) (amended 1980). The Trustee argues that the omission in § 6012(b)(3) of any reference to an *individual* bankruptcy estate must be intentional and that, therefore, "estate" as used in § 6012(a)(3) and (b)(4) was not intended to include the individual bankrupt estate. This argument, in and of itself, is not strong enough to persuade the Court of the Trustee's position in light of the *Bingler*

mandate that "exemptions from taxation are to be construed narrowly."

The Trustee bases his case primarily on *In re Kirby* and its progeny. That case, whose facts are virtually indistinguishable from those in the case at bar, held that an individual's estate in bankruptcy is not a separate taxable entity under § 641. *In re Kirby,* 62–2 U.S.T.C. ¶ 9752 (S.D.Tex. Aug. 29, 1962). The case is weak authority, however, because it was decided in 1962, well before the Supreme Court decision in *Bingler,* and relies on *Reinecke.* The only other authority cited in the case is a Treasury Regulation, which was amended after *Kirby* to eliminate the ambiguity from which the *Kirby* Court draws support. *See* Treas.Reg. § 1.641(b)–2, discussed *infra.*

The Trustee also cites two cases decided by the Bankruptcy Court of the Southern District of Ohio. *In re Siehl* followed *Kirby* and held that § 641 imposed no tax on any estate in bankruptcy and, therefore, the Trustee in bankruptcy was not a fiduciary within the meaning of § 6012(b)(4). *In re Siehl,* 2 B.C.D. 248, 251 (S.D.Ohio 1975). The same Court in *In re 4100 North High Ltd.* adhered to its opinion in *Siehl,* but went on to hold the bankruptcy estate of a partnership liable for income tax under 28 U.S.C. § 960 which provides that "[a]ny officers and agents conducting any business under the authority of a United States Court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation". *In re 4100 North High Ltd.,* 3 B.R. 232, 239 (Bankr.S.D.Ohio 1980), quoting 28 U.S.C. § 960 (1948).

This Court declines to follow the authority cited by the Trustee. As noted by the Court in *In re North High Ltd.,* the Bankruptcy Court's decision in *In re Siehl* is not dispositive of the rule raised here, because it was affirmed by the District Court on narrower grounds than those stated by the Bankruptcy Court. *In re North High Ltd.,* 3 B.R. at 239. *In re North High Ltd.* itself is distinguishable in that it dealt with an operating business and turned on the appli-

cation of 28 U.S.C. § 960. Therefore, the Court's comments on § 641, insofar as they relate to an individual's estate, are *dicta*. In addition, this Court disagrees with the analysis in that case of the phrase contained in § 1(e) then 1(d), "estates ... taxable under this subsection", as limiting the applicability of § 641(a) to those kinds of estates listed therein. The Court in *In re North High Ltd.* was of the opinion that unless the phrase in § 1(e) meant those entities listed in § 641(a), and only those entities, it would be rendered meaningless. This Court finds the analysis unconvincing and points to § 6012(a)(3) as illustrative of its view. That subsection requires returns of every estate with a gross income of $600 or more per year. By negative implication, the section provides an example of an estate, one with a gross income less than $600.00 per year, which would be taxable under § 1(e) but for the limiting phrase, "taxable under this subsection."

Moreover, the Court disagrees with the cases cited by the Trustee insofar as they attempt to ascertain the intent of Congress as to the meaning of § 641(a) and § 6012.

Congress' intent to include estates of individuals in bankruptcy as separate taxable entities is clearly, though retrospectively, expressed in the legislative history of the Bankruptcy Tax Act of 1980. *See* Staff of the Joint Committee on Taxation, 96th Cong., 2d Sess., Report of the Joint Committee on Taxation 22 (Comm.Print 1980). In enacting what is now I.R.C. § 1398, Congress thought it was merely continuing present law. *See id.* The Joint Committee Report expressly provides:

*Explanations of provisions*

1. *Debtor and bankruptcy estate as separate entities*
   *Present law*
   For Federal income tax purposes, the estate created on commencement of a bankruptcy proceeding with respect to an individual debtor is treated as a new taxable entity, separate from the individual (Rev.Rul. 72–387, 1972—2 C.B. 632). Accordingly, the trustee must

file a tax return for the bankruptcy estate if the gross income of the estate, for the period beginning with the filing of the petition or for any subsequent taxable year, is $600 or more.
   *General provisions of bill*
   The bill, like present law, would treat the bankruptcy estate of an individual as a separate taxable entity for Federal income tax purposes. The separate entity rules under the bill (new Code Sec. 1398) would apply if a bankruptcy case involving an individual debtor is brought under Chapter 7 (liquidation) or Chapter 11 (reorganization) of Title 11 of the U.S.Code, as amended by P.L. 95–598.

*Id.*

The cases cited by the Trustee also fail to take into account, or give sufficient weight to, the Treasury Regulations construing §§ 641(a) and 6012 in effect during the years here in question. Such Regulations, as " 'contemporaneous constructions by those charged with administration of the Code ... must be sustained unless unreasonable and plainly inconsistent with the revenue statutes,' and 'should not be overruled except for weighty reasons.' " *Bingler v. Johnson,* 394 U.S. 741, 750, 89 S.Ct. 1439, 1445, 22 L.Ed.2d 695 (1969), quoting *Commissioner of Internal Revenue v. South Texas Lumber Co.,* 333 U.S. 496, 501, 68 S.Ct. 695, 698–99, 92 L.Ed. 831 (1948); *See also In re Kirby,* 62–2 U.S.T.C. ¶ 9752 (S.D.Tex. Aug. 29, 1962) ("The regulation has the force of law.")

The Commissioner has been consistent in construing §§ 641(a) and 6012 as applying to the bankruptcy estates of individuals. As stated above, Treasury Regulation 1.641(b)–2 was amended in response to the "misunderstanding as to the application of [the Regulation] to the bankrupt estate of an individual, as in the ... *Kirby* case." The Regulation now lists clearly those entities which are not separate taxable entities, and conspicuously absent from the list is the estate of an individual in bankruptcy. *See* Treas.Reg. § 1.641(b)–2 (1961). *See also* Rev.Rul. 72–387, 1972–2 C.B. 632, pro-

viding that the estate of an individual in bankruptcy is a separate taxable entity under § 641.

Lastly, the Court finds persuasive the authorities cited by the Internal Revenue Service for their position that the individual bankruptcy estate is a separate taxable entity under the Internal Revenue Code. The Fourth Circuit has declined to follow *Kirby* in a recent case directly on point. *See Williams v. United States,* 667 F.2d 1108, 1110 n. 2 (4th Cir.1981). The Ninth circuit has also adopted this position. *See Richardson v. United States,* 386 F.Supp. 424 (C.D.Cal.1974), *aff'd* 552 F.2d 291 (9th Cir. 1977). The exact question before this Court has not been addressed by the Court of Appeals in this Circuit. However, the Court has held that the Trustee in bankruptcy was liable for state sales taxes incurred during the pendency of the bankruptcy proceedings, and in that opinion has cited with approval a District Court decision that is directly on point here. *See In re Hatfield Construction Company,* 494 F.2d 1179, 1181 (5th Cir.1974), citing *In re Loehr,* 98 F.Supp. 402 (E.D.Wisc.1950).

### CONCLUSION

Sections 1(e) and 641(a) of the Internal Revenue Code impose a tax on "estates". The Trustee herein, who has the burden of showing he is entitled to an exemption, has failed to show the estate of an individual under Chapter 7 of Title 11 is not an estate within the meaning of the tax provisions. Moreover, that Congress intended Section 641(a) to apply to estates of individual bankrupts is clearly shown by the legislative history of the Bankruptcy Tax Act of 1980 and by the construction of the section in the Treasury Regulations promulgated by the Commissioner of Internal Revenue. Lastly, of the two lines of authority addressing the issue, the better reasoned support the view that the estate of an individual in bankruptcy is subject to federal income tax on income realized during the pendency of the case.